# CHARLESTON.

STATE v. KYLE.

March 4, 1875.

1875.
January Term

1. A writ of error lies, for the State, from the circuit court to a judgment of the county court, if the case be for the violation of a law relating to the revenue.

2. In construing the twelfth section article eight of the Constitution, the third section of article eight is to be considered, upon the principle that, in construing a part of the Constitution the whole is to be examined, with a view to arriving at the true intention of each part.

3. The circuit court, in such cases, having obtained jurisdiction by the writ of error, the statute authorizes it to retain the case, and there proceed in it, unless, by consent of the parties, or for good cause shown, the appellate court directs otherwise.

4. The Supreme Court of Appeals cannot, upon an application for the writ of prohibition, decide whether the circuit court erred, or not, in overruling and reversing the judgment of the county court; that being a question proper on a writ of error.

This was an original application to this court, by William Kyle, praying that a writ of prohibition might be awarded against the Hon. Joseph Smith, judge of the circuit court of Kanawha county, commanding him to abstain from all further proceedings in a cause pending in said circuit court, in the name of the State of West Virginia against William Kyle, who had been theretofore indicted in the county court of said county for a violation of the law providing the mode and manner of obtaining license for the sale of intoxicating liquors and how violations of such law may be punished.

The facts are stated in the opinion of the court.

*William A. Quarrier* for the petitioner.

*John E. Kenna, contra.*

MOORE, JUDGE:

At the April term of the county court of Kanawha county, 1873, Wm. Kyle was indicted for unlawfully retailing spirituous liquors, wine, porter, ale, beer, &c. The defendant Kyle appeared at the same term of the court and demurred generally to the indictment and each count thereof The court sustained the · demurrer, dismissed the indictment and discharged the defendant from further prosecution in that behalf. The State, by its attorney, excepted to the ruling of the court, and on the 10th day of May, 1873, the circuit court of Kanawha county granted the State a writ of error in the cause. On the 17th day of June, 1873, Kyle moved the circuit court to dismiss the writ of error on the ground that it had been improvidently awarded, and that the court had no jurisdiction to entertain it. The court overruled the motion and refused to dismiss the writ, and thereupon the matters arising upon the record of the case were argued by counsel and submitted. The circuit court reversed and annulled the judgment of the county court, and ordered the case to be placed on the circuit court docket and retained for trial. The case is now brought before this Court, by the defendant Kyle, upon his application for a writ of prohibition. To the rule issued by this Court against the Hon. circuit Judge to show cause why a writ of prohibition should not issue, &c., he makes the laconic return, *"that the law authorizes and requires that the said case shall be proceeded with and determined in the said circuit court of Kanawha county."*

It was argued that "the circuit court had no power to try and award a writ of error where defendant had been discharged." To sustain that proposition, the defendant's counsel cited section twelve, article eight of the consti-

tution, and chapter fifteen, section three Acts 1872-3, and referred to section three, chapter one hundred and seventy-four, Acts 1872-3, as an "effort of Legislature to confer jurisdiction," on the circuit court.

Before this Court can direct the writ of prohibition to issue in this case, it must first determine the question whether the circuit court had authority, on the 10th day of May, 1873, to award a writ of error to a judgment of the county court, at the instance of the State, in a prosecution for the violation of a law relating to the revenue. In other words, before this court can direct the writ of prohibition to issue, it must be satisfied, *first*, that at the time the writ of error issued, such writ did not lie for the State in a case for the violation of a law relating to the revenue ; or, *second*, that the circuit court had no authority to grant the writ of error ; and, *third*, that after reversing the judgment of the county court, the circuit court had no authority to docket and retain jurisdiction of the case.

That the case is one for a violation of a law relating to the revenue, has not been disputed, and argument would be unnecessary on that point since *Scott's Case*, (10 Gratt. 754 and cases there cited) ; And jurisdiction has been exercised in such a case from the time of *Teft's Case*, (8 Leigh. 721), up to the present, *State v. Allen, supra*. If such jurisdiction does not now exist, it must be in consequence of some positive or clearly implied inhibition in the new constitution, and not for want of legislation. Under the Commonwealth, the General Assembly, by the amendatory act of February 29th, 1828, chap. 3, sec. 4, acts 1828, gave the right of appeal to the Commonwealth "in all prosecutions relating to the revenue laws;" which act was amended at the next session by the act of February 28th, 1829, chap. 3, sec. 2, Acts 1829, by giving to the Commonwealth "the right to appeal, or obtain a writ of error," in such cases. Section 3, chap. 209, Code 1849, declared the writ to lie for the

Commonwealth "if the case be for violation of a law relating to the revenue;" and exactly the same provision is retained in the Code of 1860, chap. 209, sec. 3. Such we find to have been the legislation of the Commonwealth up to the formation of this State, when it was adopted as the law of this State and embodied in its Code of April 1st, 1869, chap. 160, sec. 3, and has certainly continued to be the law, if not in conflict with the constitution that went into force "from and after the fourth Thursday of August, 1872," because it is declared by the twelfth section of the schedule to the constitution, that, "all courts of justice now existing shall continue with their present jurisdiction, and be held as now prescribed by law until the judicial system established by this constitution shall go into effect, and all rights, provisions, actions, claims and contracts shall remain and continue as if the constitution had not been adopted, except so far as the same may be affected by the terms and provisions of this constitution, when it shall go into effect."

Having shown that the State was entitled to the writ of error in such cases, that it was a *right* existing at the time the constitution went into effect, it must be conceded that the right still exists, unless affected by the terms and provisions of the constitution.

We are cited to section twelve, of article eight of the constitution, for the terms and provisions affecting that right, which is as follows:

"The circuit courts shall have the supervision of all proceedings before the county courts and other inferior tribunals by *mandamus*, prohibition, or *certiorari*. They shall, except in cases confided by this constitution exclusively to some other tribunal, have original and general jurisdiction of all matters of law where the amount in controversy, exclusive of interest, exceeds fifty dollars; in cases of *quo warranto, habeas corpus, mandamus*, or *prohibition*; and in all cases of equity, and of all felonies and misdemeanors, they shall have appellate ju-

risdiction, upon petition and assignment of error, *in all cases of judgments,* decrees, and final orders, rendered by the county court, and such other inferior courts of record as may be hereafter established by law, under the provisions of this article, where the matter in controversy, exclusive of costs, is of greater value or amount than $20 ; in controversies respecting the title or boundary of lands, the probate of wills, the appointment or qualification of a personal representative, guardian, committee or curator; or concerning a mill, road, way, ferry or landing, or the right of a corporation or county to levy tolls or taxes ; and also in cases of *habeas corpus, quo warranto,* prohibition, and *certiorari,* and in cases involving freedom, or the constitutionality of a law ; *and in all cases of conviction under criminal prosecutions in said court. It shall have such other original jurisdiction as may be prescribed by law."*

Upon the principle that the expression of one thing is the exclusion of another, the maxim being : *Expressio unius est exclusio alterius,* it seems to me the language of the twelfth section would indicate, if taken by itself, an intention on the part of the framers of the constitution, and of the people, when they adopted it, to be a limitation upon the jurisdiction of the circuit court, as to appellate powers.

It declares that the circuit courts shall have the supervision of *all proceedings* before the county courts and other inferior tribunals, by *mandamus,* prohibition or *certiorari.* It declares certain original and general jurisdiction in unmistakable terms. It confers appellate jurisdiction, specifically, in all cases of judgments, decrees and final orders rendered by the county courts, and such other inferior courts of record as may be established by law, under the provisions of article eighth, in the following classes of cases :

*First.* Where the matter in controversy, exclusive of costs, is of greater value or amount than $20.

*Second.* In controversies respecting the title or boundaries of land.

*Third.* Probate of wills.

*Fourth.* Appointment or qualification of a personal representative, guardian, committee or curator.

*Fifth.* Concerning a mill, road, way, ferry or landing.

*Sixth.* The right of a corporation or county to levy tolls or taxes.

*Seventh.* In *habeas corpus, quo warranto, prohibition* and *certiorari.*

*Eighth.* In cases involving freedom.

*Ninth.* In cases involving the constitutionality of a law.

*Tenth.* In all cases of conviction under criminal prosecutions in said court.

Had the twelfth section stopped with this declaration of original and appellate jurisdiction, there would have been comparatively little difficulty in holding that the Legislature would have been unrestricted in conferring upon the circuit court other original and appellate jurisdiction. But, if taken by itself, it seems to me, the last clause of the section would indicate an intention to restrict the appellate jurisdiction to the ten classes just designated, because, it declares the circuit courts, "shall have *such other original jurisdiction* as may be prescribed by law." I am fully impressed with the force of this view upon the examination of the provisions of the former constitutions.

The constitution of 1776 was silent upon the question of the jurisdiction of the courts. The General Assembly, was, therefore, like the parliament in that respect, possessed of plenary power, and gave to the courts such jurisdiction as it deemed proper.

The amended constitution of 1830, article five, section one, declared that the jurisdiction of the courts, *"shall be regulated by law."*

The constitution of 1851, article six, section one, declared, that the jurisdiction, except so far as conferred by the constitution, *"shall be regulated by law."*

The constitution of 1863, article six, section six, after prescribing certain original and general and appellate jurisdiction for the circuit courts, declared: "*They shall also have such other jurisdiction, whether supervisory,* original, appellate, or *concurrent as may be prescribed by law.*"

From this comparison of the constitutions it is apparent that the Legislature was not inhibited from conferring upon the circuit courts other appellate jurisdiction not inconsistent with that prescribed by the constitutions prior to the new constitution. It was a right that existed to the Legislature either by positive declaration, or by implication.

It is, therefore, argued, that the last clause of the twelfth section, eighth article of the present constitution, which supplants the clause of section six, article six, Constitution 1863, above quoted, is a limit to the legislative will and power, and that the Legislature should not confer upon the circuit court other appellate jurisdiction than that prescribed so specifically by the twelfth section. That if such was not the intention, why not have retained the language of the old constitution, or, at least, have said, "*Such other original and appellate jurisdiction as may be prescribed by law.*"

Notwithstanding, that view of the question is one of great weight, and would be conclusive if we were to construe the twelfth section by itself; we must decide to the contrary, or create an anomaly.

It was holden in *State v. Allen, supra,* that "A writ of error lies for the State from the Supreme Court of Appeals, to a judgment of the circuit court, if the case be for the violation of a law relating to the revenue." That decision was made under a construction of the third section, eighth article of the constitution (which conferred appellate jurisdiction upon the Supreme Court from judgments of the circuit court). The Judge, in delivering the opinion in that case, said: "It is obvious, that in cases of prosecutions for violations of laws relating to the revenue, it is preeminently just, and proper, that the State

should have such appellate right, as claimed for it in this case. Its revenue is its support, and if crippled in that respect, it is possible for combinations to defraud, if not impoverish, the treasury, and yet go unpunished. For nearly half a century it has been the policy of the legislative body to protect the State in that respect. Such was the wisdom of the many able representatives and statesmen, who undoubtedly deliberated well upon the subject, and I cannot believe that the framers of the present constitution intended a different policy."

. As the county court has concurrent original jurisdiction with the circuit court in such cases, and as it has been decided that "the writ lies for the State, in such cases, to the judgment of the circuit court from the Supreme court of Appeals," it is not reasonable to suppose that the framers of the constitution intended that the writ should not lie for the State, in the same class of cases, to the judgment of the county court from the circuit court. It certainly would be an anomaly, in the judiciary, to confer upon two tribunals concurrent original jurisdiction, in a certain class of cases, and yet, cut off the right of appeal from one, whilst it is open from the other.

The legislative department, in amending and re-enacting the third section of chapter one hundred and sixty of the Code of 1868, and the Executive in approving that act, chapter one hundred and seventy-four, section three, acts 1872-3, have undoubtedly given the same construction to the said twelfth section. We should not be *contra*.

Therefore, upon the principle so often adjudicated, that in construing a part of the constitution, "the whole is to be examined with a view of arriving at the true intention of each part," and for the reasons foregoing, I am of opinion that a writ of error lies for the State from the circuit court to a judgment of the county court, if the case be for the violation of a law relating to the revenue.

The case now under consideration is clearly of that class, and the circuit court had the right to grant the writ of error; and having thus obtained jurisdiction, the statute, chapter seventeen, section twenty-two, acts 1872-3, is peremptory, that the circuit court shall retain the case and there proceed in it, "unless by consent of the parties, or for good cause shown, the appellate court direct otherwise."

Under the application for the writ of prohibition, we can not consider the question, whether the circuit court erred or not in overruling and reversing the judgment of the county court. That question is one proper on a writ of error, but not on prohibition.

I am of opinion, therefore, that the writ of prohibition does not lie in this case, and that the petition therefor should be dismissed with costs, and the rule heretofore granted should be discharged, and the writ of prohibition refused.

The other Judges concurred.

WRIT OF PROHIBITION DENIED.