# WHEELING.

STURM *v.* FLEMING *et al.*

Submitted June 10, 1885.—Decided June 27, 1885.

1. When a decree appealed from consists in part of an order of reference for a report upon certain specified matters and for such other matters, as the commissioner may deem pertinent or be required by any party, if such order is justified by the pleadings and proofs as to the matters specified, this Court will not, before such report is made and acted upon by the court below, reverse or consider the order, because some party under said general clause may require irrelevant or improper matter to be reported to the court. (p. 58.)

2. The payment of taxes on land by a purchaser thereof at a judicial sale, which is subsequently set aside and declared void, will be treated as a full satisfaction of all the taxes on such land for the time they shall have been so paid; and the owner of the land so sold will not forfeit his title thereto by reason of his not having had the land assessed and the taxes paid thereon in his name during the time the taxes were so paid by such purchaser. (p. 59.)

The opinion of the Court contains the facts of the case.

*Edwin Maxwell* for appellant.

*A. F. Haymond* and *John Bassel* for appellee.

SNYDER, JUDGE:

This is the second time this cause has been before us, as will appear from the report of it in 22 W. Va. 404. It is, therefore, deemed unnecessary to do more here than to refer to said report for a history of the cause and the questions presented and decided up to that date. The present appellant, John Chalfant, and other defendants, after the cause had been remanded, filed answers to the plaintiff's bill in the circuit court, which were replied to generally.

The substance of the appellant's answer is that he became the purchaser of the thirty acres and two acres and sixteen poles of land sold under a decree in a suit in equity of *Fleming* v. *Sturm et als.*, in the plaintiff's bill mentioned; that he had long since paid all the purchase-money and obtained a

deed therefor; that at the time he purchased, the proceedings in said suit were, as they still are, regular on their face; and he insists that his purchase can not be avoided or affected by any proof thereafter taken to show that said proceedings were irregular; that the remedy of the plaintiff, if he has any, is complete at law, and equity has no jurisdiction; that he has no personal knowledge of the judgments mentioned in the plaintiff's bill, but he is informed that all of said judgments and said decree were paid off and discharged more than five years prior to February 6, 1873, and he, consequently, denies the right of the plaintiff to have the same reversed or declared void and to recover the money paid thereon, and that he does not know where the plaintiff was when said decree and judgments were rendered, but he does not admit that he was within the military lines of the so-called Confederate States.

The answers of the other defendants are of similar import and effect, and none of them expressly denies any material allegation of the plaintiff's bill. But whether they do so or not is unimportant in the present state of the cause, as every essential allegation of the bill was fully proven by the evidence in the record before the hearing.

At the January term, 1885, more than seven months after his original answer had been filed and all the evidence taken, the appellant, when the plaintiff submitted the cause for hearing, tendered to the court and asked leave to file his supplemental answer to the bill. The plaintiff objected, *first*, because said answer was tendered too late, and *second*, because the matters alleged therein were immaterial, and the court refused to permit the same to be filed. The said supplemental answer is sworn to, and omitting the formal portions, is as follows:

"Defendant says that he took possession of the tract of thirty acres of land and the lot of two acres and sixteen poles of land soon after he purchased the same, he thinks in 1865, and has ever since that time and now holds actual possession thereof adverse to the plaintiff Sturm and to all other persons, and that for all of the years from 1869 to 1884, both years inclusive, he has had the said lands entered upon the books of the commissioners of the revenue for the county of

Harrison, where they are situated, and had them charged with taxes thereon for all of the said years, and has paid all of the taxes so charged, except those charged for the years 1883 and 1884, for which years he has not yet settled with the sheriff, and that for all of the years from 1869 to 1884, both years inclusive, neither of the said tracts is or was entered upon the said books and charged with any taxes in the name of the said petitioner, Sturm, whereby this defendant claims that all of the title of the said Sturm in and to the said lands has become forfeited and vested in this defendant, if the said Sturm would otherwise have any title thereto."

On January 25, 1885, the cause was heard and the Court entered a decree declaring void as to the plaintiff the judgments recovered against him and another, in the year 1864, by Fleming, Ogden, Billingsley, Fortney, administrator, Strickler, Monroe and Martin in the plaintiff's bill mentioned; also the decrees of March 17, 1864, and June 12, 1864, in the said suit of Fleming against the plaintiff and others, and the sales of the tract of thirty acres of land and of the lot of two acres and sixteen poles of the plaintiff made by commissioners Despard and Maxwell under decree in said suit, and adjudging said judgments, decrees and sales void as to the plaintiff and setting them and each of them aside as to him. The said decree then proceeds as follows:

" That said Sturm (the plaintiff) be restored to the possession of said tract and lot of land, and a writ of *habere facias possessionem* is awarded to said Sturm, to be directed to the sheriff of Harrison county, to cause him to have possession of said lands. It is further adjudged, ordered and decreed that this cause be referred to F. Y. Hornor, a commissioner of this Court, to ascertain and report what amount, if any, was paid on the said judgments of Solomon S. Fleming, Charles E. Billingsley, Seldon M. Ogden, John M. Fortney, administrator of Joshua Robinson, deceased, Emory Strickler, William Monroe and George W. Martin, Jr., out of the proceeds of the tract of sixty-one acres of land sold under the decree of said court in the cause of Bassel Lucas against the plaintiff Sturm and others, after satisfying the decree in favor of said Lucas and others in said last named cause, together with any other matters that said commissioner may deem pertinent or

that may be required by the parties hereto. Said commissioner may give notice of the time and place of executing this order by publishing for four successive weeks in the Clarksburg "News," a newspaper published in this county, and the same shall be equivalent to personal service of notice upon the parties hereto."

From this decree the defendant, John Chalfant, obtained the present appeal.

The cause has been submitted to this Court on the brief of counsel for the appellee, Sturm, no argument having been made or brief filed for the appellant.

The errors assigned by the appellant in his petition for the appeal are as follows:

" First. The court erred in refusing to allow the said supplemental answer to be filed.

" Second. The court erred in rendering a decree for a writ of possession against your petitioner as aforesaid.

Third. " The court erred in not dismissing the plaintiff's bill under the pleadings and proofs in the cause.

" Fourth. The court having ordered the said writ of possession, if that was not erroneous, then the court erred in making any other order or any order of reference in said cause.

" Fifth. The court erred in directing any order of reference in said cause under the pleadings and proofs.

" Sixth. The court erred in making any order of reference in respect to a tract of sixty-one acres of land, as no such tract was involved under the pleadings and proofs in this cause."

The second and third of these assignments are fully answered and disposed of by the opinion and mandate of this Court on the former appeal as plainly appears from the following portion of said opinion :

" And this Court proceeding to render such decree as the said circuit court should have rendered, it is ordered that the defendant's demurrer to the plaintiff's bill   *   *   *   be and the same is hereby overruled with leave to the defendants to answer the same; and this cause is remanded to said circuit court with directions to said court, that it shall give to the defendants such reasonable time as it may deem proper to answer the plaintiff's bill, and upon their failure to answer,

or if, upon such answer, the material facts alleged in said bill are established by proof or the admission of the defendants, then to set aside the decrees and declare void as to the plaintiff the judgments therein mentioned, set aside and annul the sales of the plaintiff's property made under said void judgments and decrees and restore him to the possession thereof," &c.—22 W. Va. 417, 418.

All the material allegations of the plaintiff's bill having been established by proof, as before stated, and in fact not denied by the defendants, so as to put the plaintiff to the proof of them, (*Warren* v. *Syme,* 7 W. Va. 474; *Simpson* v. *Edmiston,* 23 *Id.* 675, 681,) the circuit court was bound by the above quoted mandate and direction of this Court to sustain the plaintiff's bill and award him a writ of possession so that he might be restored to the possession of his lands. It requires no argument or re-statement of the decision made in this cause on the former appeal, to show that the circuit court did not err in respect to the matters alleged in said second and third assignments of errors. It would have been plain error, had it done otherwise.

The appellant's fourth, fifth and sixth assignments of error have reference exclusively to that part of the decree referring the cause to a commissioner for a report upon certain matters therein specified and which appear in the extract from the decree hereinbefore quoted in full. The facts alleged in the plaintiff's bill and the nature of the controversy show clearly that an order of reference such as the one made was entirely proper. And this being so, this Court will not anticipate the action of the commissioner and the circuit court in regard to the matters thus referred for enquiry. Any appeal as to those matters is premature, and the Court can not consider them until they have been acted upon by the circuit court. *Laidley* v. *Kline,* 21 W. Va. 21. And moreover, it does not appear, that the appellant has any interest in, or that he could be prejudiced by, the enquiries directed to be made by said order of reference, and, therefore, the appeal by him from that part of the decree may, so far as the record now discloses, have been improvidently awarded. *Reid* v. *Stuart,* 13 W. Va. 338, 354. But, if it is sought, under the general direction contained in said order, to take an account of rents

and profits of the said thirty acres and two acres and sixteen poles of land during the time they have been in the possession of the appellant, the propriety of the order would still be unquestionable, as such a reference, in similar causes, was expressly made and sustained by this Court in *Haymond* v. *Camden*, 22 W. Va. 182, 207, and *Cain* v. *Cox*, 23 *Id.* 594, 616.

The only remaining assignment of error is the first, which alleges that : " The court erred in refusing to allow said supplemental answer to be filed." It would seem to be a sufficient answer to this assignment to refer to the form and character of said answer, and the absence of any explanation for the delay in tendering it. *Mathews* v. *Dunbar*, 3 W. Va. 138; *Tracewell* v. *Boggs*, 14 *Id.* 254; *Bowen* v. *Cross*, 4 Johns. ch. 375; *Stout* v. *Shew*, 42 Am. Dec. 570; Story's Eq. Pl., sec. 901. But waiving all this, I am clearly of opinion that the facts alleged in said answer are immaterial, and that it was properly rejected for that cause.

Both the pleadings and the proofs show that the appellant held and claimed said lands under and by virtue of the sale made by Commissioners Despard and Maxwell, and that said commissioners professed to sell only the title of the appellee, Sturm, in pursuance of a decree entered to sell the lands of said appellee. It is plain, therefore, that the appellant never held or claimed said land under any title or color of title adverse or in hostility to the title of the appellee, but that he claimed under the title of appellee and in privity with him. The appellant, according to his pretension and claim, was the successor of the appellee to the title, and that the relation between him and the appellee was that of vendee to vendor. In such cases all the decisions agree that the payment of the taxes by one party, either by the vendee or the vendor, will be " a full satisfaction of the taxes legally chargeable upon the land, and the State could have no further charge for taxes against the land under the title thus held in privity and successively by the vendor and vendee." *Simpson* v. *Edmiston*, 23 W. Va. 675, 683; *Witham* v. *Sayers*, 9 *Id.* 671; *Bradley* v. *Ewart*, 18 *Id.* 598; *Lohrs* v. *Miller*, 12 Grat. 452.

This case is essentially different from that of *Simpson* v. *Edmiston*, 23 W. Va. 675. That was a case arising out of a sale of land for delinquent taxes made by a sheriff without

any judicial sanction. The question in that case was not whether the sale itself was valid or invalid, but the assumpsion was that the sale itself was valid, and the controversy related solely to the question, whether or not the deed made by the clerk transferred the legal title of the land sold to the purchaser at the tax-sale; and the court held that by reason of defects *apparent upon the records* of the proceedings under which the deed was made, the deed was null and void as a conveyance, but operated as a color of title upon which the holder thereunder might base a claim adverse or in hostility to, but not in privity with, the former owner. The clerk having a mere ministerial duty to perform and no authority to convey except in the manner and form prescribed by the statute, and the statute not having been pursued, the deed could have no other effect than if it had been made by a person having no pretense of authority or right to do so. The want of authority to make the deed in that case was by the court held to be *apparent upon the face of the deed* and, therefore, gave notice to the owner of the land, as well as all other persons, that it was absolutely void. Under these facts and circumstances the court, according to its interpretation of the third section of article thirteen of our Constitution, held, that the owner, having such notice of the nullity of the tax-deed, it was his duty to continue the land on the assessor's book in his own name and pay the taxes thereon, and that the payment of the taxes by such adverse claimant in his own name would not protect from forfeiture the title of the owner.

In the case at bar the facts are very different. Here the sale was made by a court in a judicial proceeding—a proceeding which, it is true, was subsequently held to be absolutely void, but one which the courts at that time and for a long time subsequent. held to be valid and binding upon the parties It professed to transfer the whole interest and title of the appellee in the lands to the appellant and to place the latter as to the title and ownership of the lands in the precise position occupied by the former before the sale. If the appellee had after the sale attempted to interfere with the land or dispute the appellants title thereto, by repudiating the authority of the court which made the sale, he would

have subjected himself to punishment by the court. It would not have availed him to deny the authority of the court and assert that the sale was void. The court had the power to compel obedience and the appellee had no option but to submit and obey its orders and decrees. Such was not the case in relation to the act of the clerk, a mere ministerial officer, in making the tax-deed, before referred to, and which disclosed its invalidity on the face of the record. The owner in that case might with impunity disregard such void deed and, if he still claimed the land, it was his duty to do so and continue the land on the assessor's books and pay the taxes. The two cases are essentially different and the principles and reasons controlling the decision of the one have no application to the other.

The case at bar is strictly analogous to that of *Lynch* v. *Andrews*, 25 W. Va. 751, in which this Court held, that the payment of the taxes on land by a purchaser thereof at a judicial sale, which is subsequently declared void, will inure to the benefit of the owner and the State can have no claim against the owner for taxes on the land during the same time and no forfeiture of the land will occur.

I am, therefore, of opinion that the court did not err in rejecting the supplemental answer tendered by the appellant. It may be proper, however, to say, that if the appellee, Sturm, asserts a claim against the appellant for rents and profits of the lands, the latter will be entitled to a credit on such rents and profits for all lawful taxes paid by him. *Haymond* v. *Camden* and *Cain* v. *Cox, supra.*

It is suggested by the counsel for appellee, that the decree appealed from should be corrected so as to make it, in express terms, declare void the deed from the commissioners to the appellant for the thirty acres and two acres and sixteen poles therein mentioned. I do not think this necessary, as such is the necessary effect of the decree. It adjudges and declares void and sets aside as to the plaintiff, the appellee Sturm, the sales of said lands, and the decrees ordering and confirming the sales and directs that the appellee be restored to the possession of the lands. It seems to me, that this as effectually destroys and annuls all the force and effect of said deed as if it had in terms been cancelled. If, however, it

shall hereafter for any reason, appear necessary to do so, the circuit court may declare said deed void and cancel it.

I am of opinion, for the reasons stated, that the decree of the circuit court should be affirmed.

AFFIRMED. ·