# CHARLESTON.

ELIZABETH E. ARNOLD *et al.* v. CHARLES E. MYLIUS *et al.*

Submitted November 4, 1919.   Decided November 11, 1919.

1. APPEAL AND ERROR—*Appealable Judgments.*

   To be appealable as one settling the principles of a cause, a decree must not only determine all of the governing and controlling issues therein, but must also determine them as to all of the parties whose interests in such issues have been asserted in the cause by pleadings. (p. 127).

2. SAME—*Interlocutory Decree Not Appealable.*

   A decree in a suit for partition of land, determining a controversy therein concerning the location, identity, boundaries and quantity of the land, as between some of the parties, and expressly reserving disposition thereof as to others, is provisional and interlocutory only as to the findings and adjudications made by it and not appealable. (p. 127).

3. SAME—*Trusts—Provisionable Decree Not Appealable.*

   Ordinarily, a *cestui que trust* interested in the purpose and subject matter of a suit in equity cannot be ommitted as a party, on the theory of representation by his trustee, and certainly not in instances of controversy between them as to the subject matter; wherefore reservation of such a controversy in a decree determining the same issue between the trustee and other parties to the suit makes such decree provisional and unappealable. (p. 127).

Appeal from Circuit Court, Randolph County.

Suit for partition by Elizabeth E. Arnold and others against Charles E. Mylius, Thomas J. Arnold, the Otter Creek Boom & Lumber Company, with original bill and cross-bill by Charles E. Mylius against plaintiffs, defendant Thomas J. Arnold, the

Otter Creek Boom & Lumber Company, William G. Parsons, as trustee thereof, and Jacob Koontz, E. F. Phillips, and John Stamm, partners as Koontz, Phillips & Stamm, and Charles R. Durbin, for compensation for timber, injunction, partition, etc., which was dismissed as to Koontz, Phillips & Stamm, and petition by C. I. Farnsworth, executor, and the executrix of D. D. T. Farnsworth, deceased, in the suit instituted by Elizabeth E. Arnold and others. From the decree in the three consolidated causes, Charles E. Mylius appeals, and plaintiffs in the Farnsworth petition take a cross-assignment of error.

*Appeal dismissed as improvidently allowed.*

*W. B. & E. L. Maxwell,* for appellant.

*Leray See, H. G. Kump, D. H. Hill* and *Blue & McCabe,* for appellees.

POFFENBARGER, JUDGE:

This suit for partition involves Lot No. 21 of the twenty-three lots of the Phillips and Law patent, as created by the survey, plat and deeds of David Goff, Commissioner of Forfeited and Delinquent Lands, analyzed, discussed and to some extent applied in *Mylius* v. *Raine-Andrew Lumber Co.,* 69 W. Va., 346, which arose out of a controversy respecting the location of Lot No. 14 of the Goff division of the Phillips and Law tract of land containing 19,000 acres. The legal title to said Lot No. 21 is admittedly held by the widow and heirs of Stark W. Arnold, as devisees of his will, Thomas J. Arnold and Charles E. Mylius, an undivided one-fourth by the widow and heirs of Stark W. Arnold, an undivided one-fourth by Thos. J. Arnold, and an undivided one-half by Mylius. But the executor and executrix of the will of D. D. T. Farnsworth claim an undivided one-fourth thereof by virtue of an executory contract of purchase from said Mylius, dated March 16, 1888, by which he bound himself to make, or cause to be made, a deed conveying to Farnsworth said undivided one-fourth, on Farnsworth's payment of a balance due from Mylius on account of purchase money, which payment is alleged to have been made.

In the assertion of their alleged equitable title, the Farnsworths stand in an attitude of hostility to Mylius. And they are hostile to him and allied with the Arnolds in another res-

pect, namely, the location of Lot No. 21, which is dependent in some measure upon the surveying done by Commissioner Goff and the plat made and filed by him, with all of their discrepancies and confusion revealed by the opinion in *Mylius* v. *Raine-Andrew Lumber Co.,* amounting to a difference of about 160 poles in one direction and about 100 poles in another.

At February Rules 1909, the widow and heirs of Stark W. Arnold filed their bill for partition against Mylius, Thos. J. Arnold and the Otter Creek Boom and Lumber Company, in which they set up two conveyances by Mylius to the Otter Creek Boom and Lumber Co., one of 181 3-4 acres out of Lot No. 21 and the other of 478 3-4 acres, as part of the adjoining Lot No. 20, of which he had once owned a part, denied that the latter tract so conveyed was in Lot No. 20 and charged that it was a part of Lot No. 21. At October Rules, 1910, Mylius filed his bill against all of the Arnolds, the Otter Creek Boom and Lumber Co., William G. Parsons who seems to have taken the two conveyances mentioned, as trustee for the Otter Creek Boom and Lumber Co., Jacob Koontz, E. F. Phillips and John Stamm, partners as Koontz, Phillips and Stamm, to whom he alleged the Arnolds had conveyed timber on said Lot No. 21, and Charles R. Durbin, who joined in the conveyance of timber to Koontz, Phillips and Stamm, he and the Arnolds being the owners of an adverse but junior title overlapping part of the Phillips and Law survey. This bill sets up the discrepancies between Goff's survey and his plat, denies that the 478 3-4 acre tract is any part of Lot No. 21, charges that part of the timber conveyed by the Arnolds and Durbin to Koontz, Phillips and Stamm and cut by them was on Lot No. 21, and prays that it be treated both as an original bill and a cross-bill in the other suit; that the Arnolds and Durbin or Koontz, Phillips and Stamm be required to make compensation for the timber taken from Lot No. 21; that any further cutting of timber thereon by Koontz, Phillips and Stamm be enjoined; that partitition of the land be made; that Lot No. 21 be located as defined by the Goff plat; and that, in the partition, the plaintiff's conveyance of an undivided half of the 181 3-4 acre tract of land be protected and equitably applied.

On the decision of this court in *Mylius* v. *Koontz, Phillips and*

*Stamm,* reported in 69 W. Va. 621, set up by a plea of *res judicata,* Mylius' bill was dismissed as to Koontz, Phillips and Stamm, by an order entered in these two causes, Oct. 11, 1912. After they seem to have been matured as to all the other parties, the executor and executrix of Farnsworth's will, who were authorized and required to sell his real estate, filed their petition, Nov. 22, 1912, in the first of them, the one instituted by the Arnolds against Mylius and others.

In addition to his alleged interest with Mylius in Lot No. 21, Farnsworth had formerly owned jointly with Mylius and one Karl Kupfer, a tract of 535 acres in Lot No. 20, known as the "Hartman Lands," his interest being an undivided one-fourth, which he conveyed to the Otter Creek Boom and Lumber Company in 1899. In his bill, Mylius claimed to have made his conveyance of 478 3-4 acres to the same company, out of the "Hartman Land" in Lot No. 20. The Farnsworths, in their petition deny that he owned any land in said lot, at the date of said conveyance and charge that it was made out of Lot No. 21 and falsely described as being in Lot No. 20. Whether it is in Lot No. 21 depends upon the location of that lot. If it is and the Farnsworths make good their claim of an equitable title against Mylius, hereinbefore referred to, their testator was the equitable owner of one-fourth of it. On this theory as to location, which accords with that of the Arnolds, and their claim of equitable title, they seek an accounting against Mylius respecting the $6,500.00 he received from the Otter Creek Boom and Lumber Co., as the purchase money of that tract and the undivided half of the 181 3-4 acres he conveyed to the same company, which is admittedly a part of Lot No. 21. On the same theory as to location, they also claim an undivided one-fourth of about 300 acres, which lies either in the southern end of Lot No. 21 or the northern end of Lot No. 15, and an accounting against Mylius for about $9,000.00 worth of timber alleged to have been taken therefrom by him. If the 300 acre tract is in Lot No. 15, and not in Lot No. 21, the Farnsworths obtained no interest therein by virtue of the contract of purchase relied upon in their petition, but they were once cotenants of Mylius in Lot No. 15 and base a claim to an interest in said 300 acres on that relation. The petition was entertained,

treated as an answer to the Arnold bill and a cross-bill to Mylius' bill and remanded to rules for process.

By the decree in the three consolidated causes, from which Mylius has appealed, the court sustained a demurrer to so much of the Farnsworth petition as sought an accounting for the purchase money of the 478 3-4 acres and the 181 3-4 acre tracts of land, located Lot No. 21 agreeably to the contention and claim of the Arnolds, awarded partition thereof as between them and Mylius, in which the parties' were to have charged against their interests the alienations made by them respectively and reserved all questions pertaining to an accounting between the Arnolds and Mylius and also all issues raised by the Farnsworth petition, as. limited by the ruling on the demurrer thereto, and Mylius' answer thereto and several exceptions to it, filed by the Farnsworths. It recites that the third cause was submitted only upon the demurrer and exceptions to the answer, and expressly reserved "all other questions touching the relief prayed for in said petition." Being satisfied with the location of the land, made by the decree, the Farnsworths content themselves with a cross-assignment of error, predicated on the ruling against them on the demurrer to their petition.

Part of the relief asked for by the Farnsworth petition is the location of Lot No. 21, in accordance with the claims and contentions of the Arnolds, as set forth in their bill, and contrary to those made by Mylius in his bill, answer and cross-bill. This difference as to location creates an uncertainty as to the title to very considerable areas of land, about 200 or 300 acres claimed by Mylius and lying south of Lot No. 21, if located agreeably to his contention, and 300 or 400 acres lying west of said lot, if so located, the greater part of which he has sold and conveyed as land lying in Lot No. 20. As to the question of location, the Farnsworths have made themselves parties by their petition treated as an answer to the Arnold bill and a cross-bill against Mylius, and, but for the reservation in the decree, they would no doubt be bound by the submission of the consolidated causes in the court below and the decree entered upon that submission. The reservation, however, leaves them as free to go on and litigate the issue respecting location, boundary lines and quantity with Mylius, as they would be, if they had

never made themselves parties to the suits. If the decree should stand, they would not be disposed to do so, because it gives them what they claim. But, if this court should reverse it, a decree in favor of Mylius, as to this issue, binding them, could not be entered here, because they have never submitted their cause as to it and the court below has expressly reserved it for future disposition.

The Farnsworths clearly have a litigable interest in the purpose of the suit in which the decree was entered, partition of the land, the identity, quantity and value of which depend upon the location and boundary lines. If such interest had appeared on the face of either of the bills, it would have constituted solid ground of demurrer, the interested persons not having been made parties. *Morgan* v. *Ice,* 81 W. Va. 545; *Ralphsnyder* v. *Titus,* 63 W. Va. 469, Mylius' possession of the legal title to the share claimed by the Farnsworths would not have justified their omission as parties in court of equity. *Beckwith* v. *Laing,* 66 W. Va. 246; *Maynard* v. *Shein,* 83 W. Va. 508, 98 S. E. 618. In the absence of a demurrer, such a court will not, ordinarily, decide a cause in which the record discloses either legal or equitable interest in the subject matter, held or claimed by persons who are not parties. *Bryan* v. *McCann,* 55 W. Va. 372; *Rexroad* v. *McQuain,* 24 W. Va. 32; *Carder* v. *Johnson,* decided at this term. A logical and clear deduction from these principles is that the petition and the answer thereto properly make a basic issue for decision in these causes.

This vital and controlling issue has been decided by the decree, and, if it had been decided as to all of the parties, it would be appealable, as one settling the principles of the consolidated causes. *Richmond* v. *Richmond,* 62 W. Va. 206. But it does not do so. It does not settle the principles as between Mylius and the Farnsworths, because the rights of the latter are fully and expressly reserved for future disposition. A decree that does not settle all of the basic issues of the cause in which it is entered, is not appealable. *Hill* v. *Cronin,* 56 W. Va. 174; *Shirey* v. *Musgrave,* 29 W. Va. 131; *Wood* v. *Harmison,* 41 W. Va. 376.

As the decree is not appealable for the reason stated, the finding and adjudication between Mylius and the Arnolds are nec-

essarily provisional as well as interlocutory, regardless of the specific intent or purpose of the trial judge. They cannot be reviewed until they shall have been extended by further findings and adjudication in the cause, so as to make them bind the Farnsworths. They will then be reviewable, notwithstanding lapse of time.

If the decree had been so far executed as to effect a change in the possession of any part of the property, it would be appealable under another clause of the statute, but it has not been.

This conclusion necessitates dismissal of the appeal as having been improvidently awarded.

*Appeal dismissed as improvidently allowed.*