# CHARLESTON.

## J. A. Shinn v. N. U. G. Shinn

### (No. 5952)

Submitted February 21, 1928.　Decided February 28, 1928.

1. Judgment—*Whether Decree Was Entered by Consent is Determined From Face of Record.*

    Whether a decree was entered by consent of the parties is determined from the face of the record.　(p. 249.)

    (Judgments, 34 C. J. § 333.)

2. Partnership—*In Suit to Dissolve and Settle Partnership, Decreeing Partition of Partnership's Lands Before Firm's Debts Have Been Ascertained and Proper Accounting Had is Error.*

    It is error to decree partition of partnership lands in a suit for dissolution and settlement of the partnership before the firm's debts have been ascertained and a proper accounting had between the partners.　(p. 250.)

    (Partnership, 30 Cyc. pp. 434, 747.)

    (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Jackson County.

Suit by J. A. Shinn agaist N. U. G. Shinn for partition. From a decree of partition, and referring the cause to a master for an accounting, defendant appeals.

*Reversed and remanded.*

*T. J. Sayre* and *K. K. Hyre,* for appellant.
*Walter F. Boggess* and *Lewis H. Miller,* for appellee.

WOODS, JUDGE:

A bill was filed in this cause praying for a partition of some 900 acres of land alleged to be held by plaintiff and defendant as tenants in common. The defendant, a brother of plaintiff, filed an answer in the nature of a cross-bill denying that the parties were tenants in common or joint owners thereof, but alleging that the said real estate was owned by them as partners, and that the same constituted a part of the partnership assets under their partnership agreement; that the parties had in 1886 entered into a partnership for buying and selling lands, of farming said lands, buying and selling cattle and other stock and property, and for carrying on any other business in which either one or the other of the partners might engage, except that it was agreed that, by and with the consent of the other, either partner might engage in individual transactions; that, pursuant thereto, they bought lands, farmed, leased their lands for oil and gas and collected rentals, engaged in business, bought and sold cattle, bought corporation stock, kept a partnership bank account and traded as such during the life of the said partnership; that differences have arisen between the plaintiff and defendant so that the said partnership business cannot longer be carried on successfully; that on a settlement the plaintiff will owe defendant $20,000.00 or more. The cross-bill ends with a prayer that the cause be referred to a commissioner to settle the partnership accounts, and that the defendant may have a decree and lien against a sufficient amount of the property of the partnership to secure the payment to the defendant of the amount found due him; that the partnership be dissolved and terminated, and that there may be a division and partition of

the real estate so held by them as partners; and for general relief.

The plaintiff, in answering the cross-bill, admits the partnership and that the partners were to have an equal interest in the assets of the firm and share equally in the losses and profits, but denies that there was an agreement that either one of the parties might engage in individual transactions and have and keep all the money and profits derived therefrom. He admits that there has never been a settlement of the partnership accounts and that differences have arisen over the division of the land; that all the real estate set out in the bill for partition is the joint property of the plaintiff and defendant, and that it constitutes and is partnership property, and is first liable for the partnership debts, the exact amount not yet having been definitely ascertained. He denies that the partnership or himself individually is liable to defendant upon a settlement of anything whatsoever, but is willing that a complete settlement of the partnership affairs may be made herein and that a dissolution and determination of the partnership may be brought about and decreed by the court, so that each of the parties may have and receive as his own such part of the personal property as he is entitled to, and that a division and partition of said real estate may be made between the parties and allotted to each of the parties in kind as their respective interests may appear.

Demurrers were interposed to the cross-bill and the answer thereto and overruled by the court. No proof was taken by either party. At the April term, 1926, the cause was brought on to be heard upon all the pleadings therein filed, whereupon the court entered a decree adjudging the parties to be "tenants in common equally and jointly" in the tracts of land mentioned and described in plaintiff's bill for partition, and appointed commissioners to divide and partition said land and allot the same in kind to the parties to the suit, assigning one-half in value to the plaintiff and one-half to the defendant, and directing a report of their action to be returned to the court. The decree further recited that it appeared to the court that the cause should be referred to a commissioner in chancery for the purpose of taking and stating an account

between the parties, determining (1) the assets belonging to the partnership; (2) their nature and where located; (3) whether there are any debts owing by the firm, the amount thereof and to whom due; (4) what proportionate share of the assets each party has received; and (5) whether either party is indebted to the other for any sum by reason of having received more than his share of the profits of the business of the partnership and for a complete settlement of the partnership accounts.

On the 24th day of April, 1926, the commissioners executed the order of reference. Upon the incoming of this report the defendant filed exceptions thereto, and the court decided that two additional commissioners should be appointed, who, with the three prior ones, should again go upon the land and partition and divide the same between the parties. The commissioners, as augmented in number, on August 11, 1926, went upon the land, and adopted the report of the first set of commissioners as their own, which had been filed in the court on April 24, 1926, with the exception of reducing the sum that the plaintiff was to pay to the defendant for the purpose of equalizing the property, from $900.00 to $600.00. A minority report was likewise returned, signed by two of the commissioners. Exceptions were taken by the defendant to the majority report, upon the grounds that the division was illegal, inequitable and that owelty of partition should not have been resorted to. On August 13, 1926, the court overruled the exceptions to the majority report of the commissioners in a decree of that date, and adjudged that the plaintiff and defendant do each take and hold in severalty in fee simple absolute the lands allotted to them in the partition, etc., and directed deeds to be made by special commissioners appointed by it conveying such lands to the parties in accordance with the division made. It is from the latter decree that the defendant appeals.

The focal issue raised has to do with so much of the decree of reference as directed the land to be partitioned before the partnership accounts were stated. While this decree is interlocutory, it cannot be said that it is appealable on the ground that it adjudicates the principles of the cause (Code, Chap-

ter 135, section 1, subd. 7), as the suit made by the pleadings
has for its primary object the dissolution of a partnership.
*Shirey* v. *Musgrave,* 29 W. Va. 131.  Error in it, therefore,
may be taken advantage of in this appeal.  But, the plaintiff
contends that this was a consent decree, and being so, cures
all errors.  The decree on its face does not warrant this con-
clusion.  We cannot look beyond the record.  *Bank* v. *Osen-
ton,* 92 W. Va. 1. It is further urged that defendant consented
to such decree by selecting one of the commissioners to make
partition.  The record does not disclose such act on the part
of the defendant.  Counsel for defendant further contends
that in order to obtain the benefit of error appearing in the
decree it must appear, on the face thereof, that an objection
was made to its rendition at the time.  Such procedure is
not necessary in chancery proceedings.  The decree here under
consideration is not one *pro confesso,* where a motion must be
made and overruled by the lower court before advantage may
be taken of it in this Court.  The rule is where a complaining
party was before the court at the time a decree was entered,
he may avail himself of error apparent upon its face, on pre-
senting to the appellate court such a record as will make it
manifest that such error was committed and that he was in-
jured thereby.  *Reed* v. *Nixon,* 36 W. Va. 681.  Is there error
in the decree under consideration?  While irregular, the
scope of the bill, as one for partition, was enlarged by the
cross-bill answer and the reply thereto into a bill also for
the dissolution of the partnership, for an accounting *inter
se,* and for a settlement of partnership accounts, on the ground
that the members thereof were discordant and at ill-will.  All
the requirements for a bill for the latter purpose are met in
these pleadings.  *Wood* v. *Wood,* 50 W. Va. 570; *Childress* v.
*Neely,* 47 W. Va. 70.  Both parties seem to go on the theory
that at some stage of the proceeding there should be a parti-
tion of the real estate between them.  By the cross-bill answer
and reply thereto the real estate sought to be partitioned, of
which the legal title thereto is in the defendant and plaintiff
jointly, is admittedly land acquired and held for partnership
purposes.  As between partners, the partnership property
may consist either of real or personal estate, or of both (as

here), and in each case their ultimate rights are the same. And it does not matter in whose name the real estate may be held, he is only a trustee for the partnership, and the real estate for the purpose of disposal and distribution, is to be treated as personal estate. *Zane* v. *Sawtell,* 11 W. Va. 43; *Davis* v. *Christian,* 15 Grat. 11. It is the rule generally adhered to in the United States that land owned by co-partners, as part of their firm assets, where each has a legal title, is held in common subject to a liability to have it applied to partnership obligations and accounting, each having a lien on the part of his co-partner for any balance due him. 30 Cyc. 434. As to it the co-partners are not joint tenants, but possessors of their respective interests as partners as defined by law, based upon and limited by the partnership agreement. *Harris* v. *Gwathney,* 130 Va. 377. However, when the partnership debts have all been paid, the partners are tenants in common of such land and the same is subject to be partitioned if practicable. *Deloney* v. *Hutchenson,* 2 Rand. 183; Storey on Partnership, §§83, 92, 96; Tiedeman on Real Property (3d Ed.) 344. Hence, after a settlement of all firm debts, the partners here would become tenants in common as to any real estate remaining, and said real estate subject to partition by the court. *Tenney* v. *Simpson,* 37 Kan. 353. That the partnership debts here have not all been paid is shown by the admission in plaintiff's answer to the cross-bill that the exact amount thereof "has not yet been definitely ascertained, but which will be ascertained and shown to the court by proper evidence taken in this cause." Further, we find from the order of reference that the commissioner was directed by the court, among other things, to ascertain the debts owing by said firm, the amount thereof and to whom due. So, under the principles of law already stated, the partners here were not entitled to partition of such real estate purchased with partnership effects and held for partnership purposes until a settlement of the partnership accounts was had and the liabilities of the partnership satisfied. Moreover, each partner here claims that the other is indebted to him upon a proper accounting and asks for a decree against the other partner for the balance due him. This may not be done without first

applying properly the partnership assets. *Bartlett* v. *Boyles,* 66 W. Va. 327. So much of the decree as directed partition of the land therefore was premature, for which error the case must be reversed.

For the reason stated, we reverse the decree of August 17, 1926, appealed from, and so much of the decree of reference as directs partition of the real estate and appoints commissioners for that purpose, and remand the cause.

*Reversed and remanded.*