JOHN A. STAUD *v.* H. B. SILL *and* LEROY SEE, *Trustee*

(CC 485)

Submitted September 19, 1933.   Decided October 17, 1933.

*Keith Cunningham,* for plaintiff.
*LeRoy See,* for defendants.

KENNA, JUDGE:

John A. Staud brought a chancery suit in the circuit court of Randolph County for the purpose of setting aside a deed conveying certain real estate owned by him made by LeRoy See, trustee, pursuant to a trust deed sale thereof. The bill complains that the trustee did not comply with the provisions of the Act of March 11, 1933, which amended section 8 of article 1 of chapter 38 of the Code 1931. The bill shows that the deed of trust under which the sale was made was entered into January 1, 1927, and that the trust deed sale took place on May 6, 1933. The bill further complains that the consideration received at the sale was totally inadequate. To this bill the defendants demurred, assigning, in effect, as the sole ground of demurrer, the fact that the Act of the Legislature in question did not apply to trust deeds in effect prior to its effective date, because to make it so apply would render it unconstitutional as impairing the obligation of a contract. The trial court sustained the demurrer as to that part of the bill raising the question of constitutionality, stating in the order that the demurrer as to the rest of the bill was over-ruled, dismissed the bill as to that part thereof to which the demurrer had been sustained, and then proceeded to certify to this court the questions thus raised.

At the outset it may be well to attempt some clarification on the question of what is and what is not a certifiable question under chapter 58, article 5, section 2, Code. It will be seen that in sustaining the demurrer to that part of the bill of complaint alleging non-compliance with the Act of March 11, 1933, chapter 34 of the Acts of the Legislature of 1933, the trial court dismissed that part of the plaintiff's bill. This is not the best practice preparatory to certification. The questions to be certified should be retained before the trial court awaiting the action of this court, and disposed of thereafter according to the answers made in this court to the questions certified. *Gas Co.* v. *Shreve,* 90 W. Va. 277, 279, 110 S. E. 714. The procedure last indicated removes the doubt as to whether the questions certified have been finally disposed of in the trial court, thus preventing the confusion which some-times otherwise arises in determining whether the questions

certified have been disposed of by appealable decree in the trial court. If they have been so disposed of, then the action of the trial court is not reviewable upon certification but only upon appeal. *Lee* v. *City of Elkins,* 97 W. Va. 183, 124 S. E. 499 ; *Gas Co.* v. *Shreve,* 90 W. Va. 277, 110 S. E. 714.

It is to sub-section g of section 1 of article 5 of chapter 58 of the Code that we turn to determine whether or not a decree is appealable. It prescribes that decrees dissolving or refusing to dissolve injunctions, requiring money to be paid, or real estate to be sold, or the possession or title of property to be changed, or *adjudicating the principles* of a cause are all appealable. That part of the bill dismissed by the trial chancellor in this cause, of course, does not deal with an injunction. Neither does it require money to be paid, or real estate to be sold, or the possession or title of property to be changed. The remaining question is : does it adjudicate the principles of the cause ? If it does, in the sense contemplated by the statute, then it is appealable and not certifiable. If it does not, in that sense, adjudicate the principles of the cause, then it is not appealable and is certifiable.

The decree here, dismissing that part of the plaintiff's bill alleging non-compliance with the Act of the Legislature, while it disposed completely of one ground of equitable relief, nevertheless, left remaining in the bill of complaint a distinct and separate ground of equitable relief, i.e., total inadequacy of consideration at the sale, and therefore did not adjudicate *all* of the principles of the cause. A decree, to be classified as appealable and therefore not reviewable upon certificate, must be an adjudication of *not only a part but of all* of the principles of the case. It is the decree which has this effect to which an appeal lies as adjudicating the principles of the cause. The other orders of the cause being interlocutory in nature, while they may be appealable as dissolving or refusing to dissolve an injunction, requiring money to be paid, or real estate to be sold, or the possession or title to property to be changed, are not 'appealable as adjudicating the principles of the cause. An examination of this question, as it has been dealt with in this state, may be made by a reading of the following cases : *Camden* v. *Haymond,* 9 W. Va. 680, 687, *et seq.; Laidley* v. *Kline's Admr.,* 21 W. Va. 21; *Core* v.

*Strickler,* 24 W. Va. 689, 693; *Sturm* v. *Fleming,* 26 W. Va. 54, 58, *Id.* 31 W. Va. 701, 8 S. E. 263; *Hill* v. *Als,* 27 W. Va. 215, 218; *Shirey* v. *Musgrave,* 29 W. Va. 131, 141, *et seq.,* 11 S. E. 914; *Wood* v. *Harmison,* 41 W. Va. 376, 380, 23 S. E. 560; *Hill* v. *Cronin,* 56 W. Va. 174, 179, 49 S. E. 132; *Harper* v. *South Penn Oil Co.,* 77 W. Va. 294, 303, 87 S. E. 483; *Drake* v. *O'Brien,* 83 W. Va. 678, 682, 99 S. E. 280, *Id.* 99 W. Va. 582, 130 S. E. 276; *Arnold* v. *Mylius,* 85 W. Va. 123, 128, 101 S. E. 78; *Shinn* v. *Shinn,* 105 W. Va. 246, 249, 142 S. E. 63; *Blackshere* v. *Blackshere,* 111 W. Va. 213, 214, 161 S. E. 27. It will be found that the foregoing cases justify the conclusion that the decree of the trial court herein dismissing a part only of the plaintiff's bill is not appealable, and that therefore the question that arises upon such dismissal after demurrer is sustained may be certified. There is no difficulty in reconciling this holding with the cases of *Gulland* v. *Gulland,* 81 W. Va. 487, 94 S. E. 943; *Heater* v. *Lloyd,* 85 W. Va. 570, 102 S. E. 228, and *Gas Co.* v. *Shreve,* 90 W. Va. 277, 110 S. E. 714. There is, however, some difficulty in reconciling the views herein expressed with the case of *Blue* v. *Glass Co.,* 93 W. Va. 717, 117 S. E. 612. That case, and particularly point 3 of the syllabus thereof, seems to be authority for the proposition that an order striking out a part of a bill of complaint so material as to deny plaintiff a part only of the relief sought is a decree adjudicating the principles of the cause and is appealable and therefore not certifiable even though it leaves the remaining part of the principles of the case undisposed of. In line with the West Virginia cases herein set out, we do not believe that such a decree is appealable as adjudicating the principles of the cause, and, therefore, so much of the case of *Blue* v. *Glass Co.,* 93 W. Va. 717, 117 S. E. 612, as so holds is hereby expressly overruled.

We therefore conclude that all of the questions dealt with by the trial court, including that part which dismissed the plaintiff's bill of complaint are now before us on certification.

As to that part of the bill of complaint which raises the question whether the provisions of chapter 34 of the Acts of the Legislature of 1933 are retroactive and hence applicable to foreclosure proceedings under a deed of trust made before the

Act went into effect, it is unnecessary, in view of the disposition we find we must make of this case, to enter into an extended discussion. On one side, it is asserted that the provisions of that Act relate entirely to matters of procedure and therefore can be made retroactive without impairing the obligation of the deed of trust contract. On the other hand, it is urged that the questions are not purely procedural, but that compliance with them involves delay and expense, and sets up entirely new standards for the determining of the validity of a sale under a trust deed. It is at times quite difficult to determine what changes in legal circumstance do impair the obligation of a contract. We have been able to find no cases closely analagous to this. But the broad general rule seems to be that changes which lessen the value of the contract do impair its obligations. Those that do not lessen its value do not so impair it. *Planters Bank* v. *Sharp*, 6 Howard (47 U. S.) 301, 327; *Seibert* v. *Lewis*, 122 U. S. 284, 294; *Edwards* v. *Kearzey*, 96 U. S. 595. If gauged upon that principle, it would seem that we would be obliged to hold that chapter 34 of the Acts of the Legislature of 1933 cannot be applied retroactively, because so doing would impair the obligation of the deed of trust contract, since it is obvious that compliance with the terms of the Act would of necessity to some degree lessen the value of the creditor's rights under his deed of trust.

But a much more serious question confronts us upon the consideration of chapter 34 of the Acts of the Legislature of 1933. That question is: Is not this Act unconstitutional in its entirety because it attempts to require circuit courts to exercise a function non-judicial in its nature, and therefore not within the powers of those courts as defined by the Constitution? Article VIII of the Constitution deals with the judiciary. Section 1 of that article vests the *judicial* power of the state in the Supreme Court of Appeals, in the circuit courts and the judges thereof, and in such inferior tribunals as are therein authorized and in justices of the peace. Section 3 of that article defines the jurisdiction of the supreme court of appeals and section 12 that of the circuit courts. Section 12 reads as follows:

"The circuit court shall have the supervision and

control of all proceedings before justices and other inferior tribunals, by mandamus, prohibition and certiorari. They shall, except in cases confined exclusively by this Constitution to some other tribunal, have original and general jurisdiction of all matters of law where the amount in controversy, exclusive of interest, exceeds fifty dollars; of all cases of habeas corpus, mandamus, quo warranto, and prohibition; and of all cases in equity, and of all crimes and misdemeanors. They shall have appellate jurisdiction in all cases, civil and criminal, where an appeal, writ of error or supersedeas may be allowed to the judgment or proceedings of any inferior tribunal. They shall also have such other jurisdiction, whether supervisory, original, appellate, or concurrent, as is or may be prescribed by law.''

A close reading of section 12 shows no place within the defined powers and jurisdiction of circuit courts that the powers attempted to be conferred by chapter 34 of the Acts of 1933 could lodge unless it be those confessed in the last sentence thereof, and, still more restrictively, in that part of the sentence which relates to ''supervisory'' jurisdiction. Certainly, the word as used here, is not intended to give to circuit courts such supervisory jurisdiction as may be prescribed by law over everything and anything that may be referred to them by the legislature. It is obvious that the word as here used is not to be taken in its most comprehensive meaning. When we seek a proper restricted sense in which the word is here used, we can find it only by saying that the supervisory jurisdiction of the circuit courts as conferred upon them by law is confined to supervision over matters juridical. This is especially true in view of the fact that section 12 of Article VIII must be read in connection with section 3 of that article, defining the powers of the Supreme Court of Appeals. *State* v. *Kyle,* 8 W. Va. 711. And so Judge Hatcher said in *Hodges* v. *Public Service Commission,* 110 W. Va. 649, at page 654, 159 S. E. 834, 836: ''We adopt the natural inference that the 'other jurisdiction' is jurisdiction essentially juridical (then or thereafter prescribed by law) over proceedings not named in the section.'' So that, if the proceeding provided for in chapter 34 of the Acts of 1933 is not judicial in its nature, the power to entertain it cannot be

conferred upon the circuit courts by the legislature. The Act provides that in any sale under a deed of trust, other than under a decree, the trustee shall file his petition in the circuit court with his written report of sale and shall pray for confirmation of the sale. In case the judge shall be satisfied that the sale is regular in all respects and the sale price is reasonably adequate under all the circumstances, he shall confirm the sale. In deciding the question of whether the price is reasonably adequate, the court is directed to consider the appraisement of the property, affidavits pro and con, and all evidence taken upon the inquiry. The trustee shall make no conveyance until the sale is confirmed by the circuit court. The costs of the inquiry are to be paid as other costs of sale. It will be noted that there are no parties to the petition of the trustee. No notice is prescribed except where the sale occurs in the vacation of the court and then the trustee merely proclaims on the day of sale when he will present his petition for confirmation. All trust deeds must be foreclosed by this procedure. It makes no difference whether the creditor, the debtor or anyone else feels or is aggrieved. A hearing and an expenditure of money for court costs is made mandatory. No issue is made up and the trustee is made to pray for the confirmation of the sale. There is no cause of action nor ground of equitable relief required to be alleged and there is nothing in the proceeding that would enable anyone at a later time to plead elsewhere that any rights had been adjudicated by it. Affidavits filed pro and con and all evidence taken are to be considered, but it is not stated who is to be privileged to appear and tender the proof. The circuit court, without a suitor before it, and even in instances where the trustee is asking that the sale be confirmed and there is no complaint on the part of anyone, is vested with power to set aside a sale and order the property re-sold. We think there can be no question but that this chapter does not set up a proceeding which may be described as judicial in any sense. The courts cannot, under our constitution, be vested with original authority and jurisdiction over non-judicial matters. This is the general, though not universal, state of the law throughout the country. *Anway* v. *Grand Rapids R. Co.*, 211 Mich. 592, 179 N. W. 350, 12 A. L. R. 26, and note; *State ex rel. Young* v.

*Brill,* 100 Minn. 499, 111 N. W. 294, 10 Ann. Cas. 425; *Muskrat* v. *United States,* 219 U. S. 346; *Supervisors* v. *Todd,* 97 Md. 247, 54 A. 963, 99 Am. St. Rep. 438, 62 L. R. A. 809. On the grounds stated, therefore, we hold that the Act of March 11, 1933, chapter 34 of the Acts of the Legislature of 1933, is unconstitutional and void in its entirety.

The circuit court was therefore correct in sustaining the demurrer to that part of the plaintiff's bill which alleged non-compliance with this statute as being grounds for relief.

As to the part of the bill of complaint to which the demurrer was overruled, namely, that part seeking relief on the ground of total inadequacy of consideration, we believe that the trial chancellor was right in this ruling also. The bill shows that the property sold was purchased in 1924 at a cost of $2100.00; that the dwelling then on the property was a modern two-story wooden structure; that thereafter plaintiff placed a one-story store room upon the property at a cost of about $1,000.00; that he was able to get a $1700.00 loan on the property secured by the trust deed foreclosed; and that at the foreclosure sale, the property brought only $500.00, it being bought in by the trust deed creditor. We are of opinion that these allegations, on demurrer, are sufficient.

The rulings will be so certified.

*Affirmed.*