Selma STEINER, Appellant,

v.

20TH CENTURY–FOX FILM CORPORATION, Fox West Coast Theatres Corporation, Avenue Fifty-Eight and Pasadena Corporation and National Theatres Corporation, Appellee.

No. 13989.

United States Court of Appeals, Ninth Circuit.

Feb. 7, 1955.

---

Schwartz & Alschuler, Bernard Reich, Beverly Hills, Cal., for appellant.

Newlin, Holley, Tackabury & Johnston, Hudson B. Cox, Frank R. Johnston, Los Angeles, Cal., for appellees.

Before STEPHENS and CHAMBERS, Circuit Judges, and McLAUGHLIN, District Judge.

McLAUGHLIN, District Judge.

This is a private Clayton Act action in which United States v. Paramount Pictures, 1948, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, is relied upon. Appellant sued 20th Century-Fox Film Corporation, Fox West Coast Theatres Corporation, Avenue Fifty-Eight and Pasadena Corporation, National Theatres Corporation, Mark M. Hansen, and Ida R. Hansen for conspiring to violate Sections 1 and 2 of the Sherman Act, 26 Stat. 209 (1890), as amended 50 Stat. 693 (1937), 15 U.S.C.A. §§ 1, 2,[1] and Section 4 of the Clayton Act, 38 Stat. 731 (1914), 15 U.S.C.A.

15.[2] Appellant owned a motion picture theatre in Los Angeles, California. The complaint alleges that the defendants combined and conspired to force appellant to receive less than the rental value of the premises, obtained options to renew the lease without adequate consideration, and closed the theatre in favor of other theatres operated by the appellees. The trial court dismissed the complaint as to 20th Century-Fox Film Corporation, Fox West Coast Theatres Corporation, Avenue Fifty-Eight and Pasadena Corporation, and National Theatres Corporation. The dismissal was on the ground that the statute of limitations barred the action. Appellant's case against the Hansens, who filed no motion to dismiss, is still pending. The trial court applied Rule 54(b)[3] to its judgment in favor of the dismissed defendants, and this appeal was taken.

Before reaching the merits of the appeal we are called upon to consider if appellant is properly here. Appellee submits that the judgment appealed from is not a final appealable judgment within the meaning of 62 Stat. 929 (1948), 28 U.S.C. § 1291.[4] This assertion is predicated upon the proposition that Rule 54(b) was erroneously applied by the

---

1. § 1. "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal: * * *."
§ 2. "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor, * * *."

2. "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

3. Federal Rules of Civil Procedure, 28 U.S.C. "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

4. "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *, except where a direct review may be had in the Supreme Court."

court below. Appellee contends the Rule is inapplicable to a case of multiple parties in the absence of multiple claims.

We must, therefore, decide whether Rule 54(b) can be held to allow making final and appealable a judgment rendered in favor of less than all of the parties defendant in a case founded upon a single claim.

■ This judgment is not final. The appeal must therefore be dismissed without a consideration of the merits. Rule 54(b) applies only to a case in which multiple claims are asserted by or against one or more parties. In the absence of multiple claims no final judgment can be entered under the Rule.

■ This case involves only multiple parties—not multiple claims. The complaint charges a conspiracy. Such an allegation states but a single claim under Rule 8(a), Federal Rules of Civil Procedure. F. L. Mendez & Co. v. General Motors, 7 Cir., 1947, 161 F.2d 695 certiorari denied, 1947, 332 U.S. 810, 68 S. Ct. 111, 92 L.Ed. 387.

Several circuits have held or appear to have held that Rule 54(b) is applicable to multiple parties as well as claims. Because of this, the United States Supreme Court's Advisory Committee on Rules for Civil Procedure in the Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts (May 1954)[5] does not presently recommend an amendment to Rule 54(b) to cure the observed defect. We note the Committee may be divided (Foreword, p. III). The Committee comments that the desired effect is being judicially reached without an amendment. It cites several cases (p. 48). The first, Colonial Airlines v. Janas, 2 Cir., 1953, 202 F.2d 914, is not in point. It involves multiple claims as well as multiple parties. Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267, 38 A.L.R.2d 356, cited by appellant, is another case of multiple claims. Prickett v. Consolidated Liquidating Corporation, 9 Cir., 1950, 180 F.2d 8, involved a similar problem of multiple claims. Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 1952, 195 F.2d 853; Williams v. Protestant Episcopal Theological Seminary in Virginia, 1952, 91 U.S.App.D.C. 69, 198 F.2d 595, certiorari denied 1952, 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670; Lopinsky v. Hertz Drive-Ur-Self Systems, 2 Cir., 1951, 194 F.2d 422; and Vale v. Bonnett, 1951, 89 U.S.App.D.C. 116, 191 F.2d 334, also cited by the Committee, have been carefully considered. We appreciate that these single claim multiple party cases met with appellate approval.

Analysis shows, however, that the issue here tendered was not expressly presented to those courts. Those decisions deal with the effect of Rule 54(b) upon the judgment; compare Lopinsky v. Hertz Drive-Ur-Self Systems, supra, (concurring opinion) with Flegenheimer v. General Mills, 2 Cir., 1951, 191 F.2d 237. The applicability of the Rule was taken for granted. Here it is questioned.

■ We have answered the question posed by holding that Rule 54(b) means exactly what its words import. The Rule nowhere mentions parties. The Rule is poised on the word *claims*— multiple claims. The word *claims* and the word *parties* mean different things. They are simply dictionary words which do not lose their substance when used in law. As to their basic meaning Black and Webster are in accord. These are not words of art. Parties are not claims. See District 65, Distributive, Processing & Office Workers Union of New York and New Jersey v. McKague, 3 Cir., 216 F.2d 153, 6 Moore's Federal Practice, 54.34(2) (2nd Ed. 1953).

An amendment to make the Rule applicable to multiple parties, as well as claims, may be desirable to prevent injustices such as alluded to in Pabellon v. Grace Line, 2 Cir., 1951, 191 F.2d 169, 179 (concurring opinion). But rule making is not our business.

5. United States Government Printing Office, Washington: 1954.

To guard against the possible injustices which might here ensue if appellant had to proceed to trial as to the remaining minor defendants before being able to appeal to settle questions of law as to the principal defendants, should appellant hereafter dismiss as to the Hansens, obtain a final judgment, and appeal, we believe this court would accept a stipulation obviating new briefs and arguments.

Appeal dismissed.