**Harry BRANDT, d/b/a University City House of Liquors et al., Appellants,**

v.

**RENFIELD IMPORTERS, LTD., a Corporation et al., Appellees.**

**No. 16157.**

United States Court of Appeals
Eighth Circuit.
July 15, 1959.

J. L. London, St. Louis, Mo. (Mortimer A. Rosecan and Irving M. Malnik, St. Louis, Mo., on the brief), for appellants.

Richmond C. Coburn, St. Louis, Mo. (Coburn & Croft, St. Louis, Mo., on the brief), for appellee Renfield Importers, Ltd.

R. Walston Chubb, St. Louis, Mo. (Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., Earl E. Pollock, Washington, D. C., Julius Lewis, Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, Chicago, Ill., on the brief), for appellee James B. Beam Distilling Co.

Lewis C. Green and Donald J. Meyer (Green, Hennings, Henry & Evans, St. Louis, Mo., and Walter D. Wile, Washington, D. C., on the brief), for appellee Julius Wile Sons & Co., Inc.

Earl E. Pollock, Washington, D. C. (all of above counsel were on the respective briefs in support of motions to dismiss), for all appellees on motions to dismiss.

J. L. London, St. Louis, Mo. (all of above counsel were on appellant's brief in opposition to motions to dismiss), for appellants on motions to dismiss.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by eighteen retail liquor dealers doing business in St. Louis, Missouri, and vicinity against fourteen distillers, distributors, wholesalers or retailers for certain alleged violations of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., the Clayton Act, 15 U.S.C.A. § 12 et seq., and the Robinson-Patman Act, 15 U.S.C.A. § 13 et seq. The complaint alleged that the defendants created a monopoly in the retail liquor business in violation of the anti-trust laws; that they had conspired to monopolize and have monopolized the trade and commerce in said liquors and the retail distribution thereof in St. Louis, Missouri, and vicinity. The complaint also contained allegations as to damages claimed by the individual plaintiffs, for which they prayed judgment, including treble damages in the amount of $1,329,300.00 and costs, including reasonable attorney's fees, and for an injunction restraining the defendants and enjoining them from continuing said alleged violations of the anti-trust laws.

Three of the defendants, to-wit: Renfield Importers, Ltd., James B. Beam Distilling Co., and Julius Wile Sons & Co., Inc., each filed a motion to quash the service of process and to dismiss on the grounds of improper venue and lack of jurisdiction over the person. In resisting these motions plaintiffs contended that the court acquired jurisdiction because these three defendants (now appellees) were "transacting business" in the State of Missouri. The court heard these motions and on the proofs adduced sustained them and entered orders of dismissal as to the three defendants. Each of these orders of dismissal contains recital that:

"The Court further directs the entry of a final judgment on the claim as to said defendant, which is only

one of several claims, and enters this order upon an express determination that there is no just reason for delay and enters this order upon an express direction for the entry of judgment in accordance with Rule 54(b) of the Rules of Civil Procedure [28 U.S.C.A.]."

From the orders so entered plaintiffs have appealed, seeking reversal on substantially the following grounds. The court erred in holding that the three appellees were not "transacting business" in the Eastern Judicial District of Missouri within the meaning of Sec. 22, Title 15 U.S.C. (Sec. 12 of the Clayton Act) because under the anti-trust laws a corporation is engaged in transacting business for the purpose of venue, although it is not present by agent carrying on the business, if in fact in the ordinary and usual sense it transacts business therein of any substantial character.

 Simultaneously with the filing of their briefs, each appellee filed a motion to dismiss the appeal, with supporting brief, on substantially the following grounds. The order appealed from is not an appealable order in that, (1) the complaint in this case sets forth a single claim and does not set forth multiple claims, (2) the order appealed from does not dispose of the entire matter and is, therefore, not a final judgment, and (3) the order appealed from is not appealable under Rule 54(b) of the Federal Rules of Civil Procedure because no more than a single claim for relief was presented in this action. These motions to dismiss the appeal were presented and argued by counsel for the respective parties in connection with the issues raised by appellants by their appeal.

Manifestly, if the motions to dismiss the appeal are well-founded, it should not be necessary to consider the merits of appellants' appeal and for that reason we shall first consider these motions.

 The complaint charged the fourteen named defendants with combining and conspiring together in restraint of trade and commerce, which alleged restraint, it is charged, resulted in a monopoly. Plaintiffs demanded money judgment for treble damages in the amount of $1,329,300.00, for an injunction against the defendants, restraining and enjoining them from continuing the alleged violations of the Acts, and for costs and attorney's fees. By this complaint all of the fourteen defendants were charged as joint tort-feasors. There was no claim against any single defendant but they were charged with combining and conspiring together to commit the acts alleged to be violative of the anti-trust laws. The complaint was dismissed as to the appellees, not on the ground that they had not combined and conspired with the other defendants, but because the court had not acquired jurisdiction over them, and the dismissal of the complaint on that ground confessedly would constitute no bar to an action against them on the same cause of action in a court which might acquire jurisdiction by proper service of process. The dismissal of the action as to appellees left undetermined the issues in the case, either as against them or the other defendants. It is a salutary rule, long adhered to by Federal courts, that, except where otherwise provided by statute, a cause of action must be treated as a unit, not triable piecemeal, nor appealable in fragments. Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371; Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Standley v. Roberts, 8 Cir., 59 F. 836; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108; Minnesota Min. & Mfg. Co. v. Technical Tape Corp., 7 Cir., 208 F.2d 159; Hunter v. Federal Life Ins. Co., 8 Cir., 103 F.2d 192; Brandt v. Renfield Importers, Ltd., 8 Cir., 216 F.2d 206.

As early as 1894, in Standley v. Roberts, supra [59 F. 839], the late Judge Walter H. Sanborn, speaking for this Court, said:

"An order, judgment, or decree which leaves the rights of the parties to the suit affected by it undetermined—one which does not sub-

stantially and completely determine the rights of the parties affected by it in that suit—is not reviewable here until a final decision is rendered, nor is an order retaining or dismissing parties defendant, who are charged to be jointly liable to the complainant in the suit, appealable."

This rule has been consistently adhered to by this Court. Thus, in Moss v. Kansas City Life Ins. Co., supra [96 F.2d 110], it is said:

"Considering the rules announced in the above cases, it would seem that the application of the above rule announced in the Rosenberg, Pesaro and Goldey Cases [Rosenberg Bros. & Co., Inc. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; The Pesaro, 255 U.S. 216, 41 S.Ct. 308, 65 L.Ed. 592; Goldey v. Morning News, 156 U.S. 518, 15 S. Ct. 559, 39 L.Ed. 517] should be limited to cases in which the void service of process attaches to all of the defendants. So construed, the rule is harmonious with the broad general rule that for an order, decree, or judgment to be final for appeal purposes such must completely dispose of the action."

The decisions of this Court are clearly in harmony with the views of the Supreme Court expressed in Arnold v. United States for Use of W. B. Guimarin & Co., supra [263 U.S. 427, 44 S.Ct. 147], where it is said:

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction."

It is, however, contended by appellants that the orders dismissing the ac-

tion as to the appellees for want of jurisdiction are appealable because the trial court, pursuant to Rule 54(b), Federal Rules of Civil Procedure, directed the entry of a final judgment, " * * * upon an express determination that there is no just reason for delay and enters this order upon an express direction for the entry of judgment in accordance with Rule 54(b) of the Rules of Civil Procedure." It is therefore necessary to consider the provisions of Rule 54(b), Federal Rules of Civil Procedure. This Rule reads as follows:

"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates less than all of the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

As has been observed, all of the fourteen defendants named in the action including the appellees were charged with a combination and conspiracy in restraint of trade in violation of the antitrust laws of the United States. For this alleged violation of the law, plaintiffs sought a single judgment as damages. The rule authorizing appeals is, on its face, limited to one involving multiple claims. There may be said to be multiple parties plaintiff or multiple parties defendant, but there is involved only a single claim for damages alleged to have been suffered by reason of the combined action of the defendants constituting a conspiracy. We are of the view that this action did not involve multiple

claims but rather a single claim as disclosed by the complaint. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L. Ed. 1311; Steiner v. 20th Century-Fox Film Corp., 9 Cir., 220 F.2d 105; Carr v. City of Anchorage, 9 Cir., 235 F.2d 780; Luria Bros. & Co. v. Rosenfeld, 9 Cir., 244 F.2d 192; Reagan v. Traders & General Insurance Co., 5 Cir., 255 F. 2d 845; Lee v. Porcelain Patch & Glaze Corp., 5 Cir., 240 F.2d 763; Meadows v. Greyhound Corp., 5 Cir., 235 F.2d 233; Nettles v. General Accident Fire & Life Assurance Corp., 5 Cir., 234 F.2d 243; Hardy v. Bankers Life & Casualty Co., 7 Cir., 222 F.2d 827; District 65, etc. v. McKague, 3 Cir., 216 F.2d 153; Youpe v. Moses, 94 U.S.App.D.C. 21, 213 F.2d 613. In Steiner v. 20th Century-Fox Film Corp., supra [220 F.2d 107], plaintiff sought to recover judgment against seven defendants for alleged violations of the anti-trust laws. The action was dismissed as to six of the defendants and plaintiff sought to appeal as the trial court had certified under Rule 54(b) that there was no just cause to delay an appeal by plaintiff from the judgments of dismissal. In the course of the opinion as to the appealability of the order of dismissal it is said, inter alia:

"This judgment is not final. The appeal must therefore be dismissed without a consideration of the merits. Rule 54(b) applies only to a case in which multiple claims are asserted by or against one or more parties. In the absence of multiple claims no final judgment can be entered under the Rule."

Construing Rule 54(b), the Supreme Court in Sears, Roebuck & Co. v. Mackey, supra [351 U.S. 435, 76 S.Ct. 899], said in part:

"The amended rule does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided. It is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal."

The inherent nature of the cause of action cannot be changed by a trial court's certification that multiple claims are involved. The mere signing of the formula prescribed by Rule 54(b) cannot, we think, have the magical effect of transforming a multiple parties action into a multiple claims action. As said in Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802, 810:

"The fact that the motions judge, in the order sought to be reviewed, characterized the same as a final judgment upon a separate claim can not make the order such a judgment or the claim such a claim, if the claim fails to meet the standard of separateness or distinctness required by the law and the judgment fails to meet the standards of finality so required."

The appeal is therefore dismissed without consideration of the merits of appellants' contentions and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.