**612**

Murray FERGUSON, as Trustee in Reorganization of Equitable Plan Company, Plaintiff,

v.

BARTELS BREWING COMPANY et al.,
Defendants.

United States District Court
S. D. New York.
March 10, 1960.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for plaintiff. Edward C. Kalaidjian, New York City, of counsel.

Max Schorr, New York City, for defendant Bartels Brewing Co.

PALMIERI, District Judge.

Plaintiff's motion pursuant to Rule 37(d), Fed.R.Civ.P., 28 U.S.C.A., for judgment by default against defendant, The Bartels Brewing Company (Pennsylvania), for the willful failure

of defendant's president, Jay F. Fisher, to appear for examination before trial, is granted.

This motion presents another vexatious problem arising out of the tangled skein of intercorporate manipulations engineered and directed by Lowell M. Birrell. Cf. Pettit v. Doeskin Products, Inc., 2 Cir., 1959, 270 F.2d 95, 699. The principal actor in the present controversy is defendant's president, Jay F. Fisher, a close friend and business associate of Birrell. Fisher has been involved with Birrell in a number of transactions currently under investigation in this and other courts.

As a result of a series of complex and highly questionable transfers, Fisher appears on the corporate records as sole stockholder of Bartels, Inc. which, in turn, holds all the stock of defendant. The affidavit and exhibits attached to the moving papers indicate that during his term of office, which commenced on August 5, 1958, Fisher has withdrawn substantial assets from the defendant. These withdrawals appear to have been accomplished by Fisher at will, and for purposes known only to Fisher. The withdrawals were apparently made in derogation of the rights of creditors, at a time when the company was unable to meet its obligations to legitimate trade creditors as they matured. Defendant's treasurer has testified that he deliberately chose to remain ignorant of Fisher's withdrawals lest he lose his position with defendant.

Pursuant to the order of this court dated October 8, 1959, defendant was directed to produce Fisher for examination before trial. The examination date was deferred until February 15, 1960 so that plaintiff might have an opportunity to examine records and documents relating to defendant's affairs. Fisher has failed to appear for examination as ordered.

On February 10, 1960, five days prior to the date set for Fisher's examination, plaintiff was advised by defendant's counsel that Fisher was in Brazil. Plaintiff also received from defendant's counsel an affidavit executed by Fisher in Brazil together with a medical certificate corroborating Fisher's statement that he was ill and would be unable to return to the United States for some time. The certificate estimated a three-month minimum period. Plaintiff's subsequent investigation revealed that some time before January 6, 1960, Fisher had secretly departed for Brazil. Fisher flew to Brazil without notice to defendant's counsel and with knowledge of the outstanding order for his examination. The alleged purpose of this flight, according to Fisher's affidavit, was to confer with Birrell "to enlist his help in securing facts and evidence which would * * * disprove [plaintiff's] allegations." Fisher's affidavit also states that Birrell "will be glad to cooperate in any way that does not interfere with his present employment in Brazil." This statement is particularly ironic in view of Birrell's notoriety for evading court processes. Birrell is currently a fugitive under indictments by grand juries in the Southern District of New York and in New York County. He has taken refuge in Brazil, a country with which the United States has no extradition treaty, and has strenuously opposed efforts of the Brazilian authorities to deport him.

The consistent success which Fisher has had in evading the process of this court, both in connection with plaintiff's efforts to subpoena him for a bankruptcy examination and the similar efforts of the trustees of Swan-Finch Oil Corporation, a debtor currently undergoing a Chapter X, 11 U.S.C.A. § 501 et seq., reorganization in this court, in addition to all the circumstances above referred to, convince me that the allegations in Fisher's affidavit are unworthy of belief. In addition, it is plain that plaintiff cannot obtain the information it seeks as to the depletion of defendant's assets by the examination of any other officer.

I find that the moving papers establish the willful failure of defendant, by its president, Jay F. Fisher, to appear for examination pursuant to the order of this court. Rule 37(d), Fed.R. Civ.P. As defendant's counsel has pointed out, the usual procedure in this situation would be to permit defendant a period of time within which to produce Fisher with the sanction of judgment by default to follow continued non-compliance.

However, Fisher's long and assiduous avoidance of all attempts to obtain his testimony leads me to conclude that any provision for a period of grace would be a futile gesture here. In addition, the precarious nature of the defendant's business, so long as Fisher holds the reins, unchecked and unaccountable, indicates that the sanction of judgment by default should not be postponed. Any delay may well work irreparable harm to the plaintiff. If I have misjudged Fisher's intentions, the door remains open for him to prove my error and thereby relieve defendant from the judgment entered against it. See Rule 60(b) (6), Fed.R.Civ.P.

Defendant has raised a question as to the propriety of the form of judgment submitted under Rule 54(c), Fed.R.Civ.P. That rule required that "a judgment by default shall not be different in kind or exceed in amount that prayed for in the demand for judgment." It is true that the complaint includes a prayer for an accounting. See Para. *Thirteenth* (j) (9). However, in the same paragraph, plaintiff alleges damages in the amount which, with allowance for interest, appears in the judgment. A somewhat connected issue, although one not raised by defendant, is the propriety of the entry of final judgment under Rule 54(b), Fed.R.Civ.P. I recognize that there is a substantial question whether plaintiff has stated a separate claim against defendant in Paragraph *Thirteenth* of the complaint as to which a finding of finality can be

made. It might be urged that Paragraph *Thirteenth* states a single claim involving multiple parties. See Goldlawr, Inc. v. Heiman, 2 Cir., 1959, 273 F.2d 729; Brandt v. Renfield Importers, Ltd., 8 Cir., 1959, 269 F.2d 14. The complaint may be inartfully drawn in this regard. However, I believe that it can be construed in a manner consonant with the requirements of Rule 54(b). Cf. Order entered October 8, 1959 denying defendant's motion to dismiss under Rule 12(b) (6), Fed.R.Civ.P. In any event, the peculiar exigencies of the situation presented leads me to resolve the doubt in plaintiff's favor.

Motion granted.