Letha C. BURLESON, Appellant,

v.

I. S. CANADA and Mrs. C. C. Canada, Individually and as Partners, d/b/a Canada Lumber Company, and James D. McCrae, d/b/a McCrae Trucking Company, Appellees.

No. 8196.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1961.

Decided Jan. 13, 1961.

Kermit S. King, Columbia, S. C. (Edens, Hammer & Glenn, and William E. Chandler, Jr., Columbia, S. C., on brief), for appellant.

Heyward E. McDonald, Columbia, S. C. (Turner, Padget, Graham & McDonald and R. E. Harrell, Columbia, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and FIELD, District Judge.

SOPER, Circuit Judge.

This suit for personal injuries comes before us on an appeal by the plaintiff from an order of the District Judge whereby a motion of the plaintiff for summary judgment was denied and a motion of two of the three defendants for summary judgment was granted, and the case as to the third defendant was retained on the docket for trial. In our opinion the appeal must be dismissed as premature.

The motions for summary judgment were considered by the District Judge upon the allegations in the complaint and in certain affidavits filed by the parties which disclosed the following state of facts. James D. McCrae was employed by I. S. Canada and Mrs. C. C. Canada, doing business as the Canada Lumber Company, to haul a load of lumber on his trailer truck from their place in Kingstree to Charleston, South Carolina. The vehicle was loaded by the employees of the lumber company and thence, driven by McCrae, started on its way to Charleston. When it reached a point five miles from Kingstree a valve on a piston of the motor broke and the vehicle was unable to proceed. Thereupon McCrae parked the truck by the side of the road, installed certain warning signals, and left the scene. Thereafter an automobile in which Letha C. Burleson, the plaintiff, was riding on the highway with her husband collided with the parked truck and the plaintiff was injured. It is asserted that the defendant Canadas negligently overloaded the truck so that it broke down on the highway and that McCrae was negligent in driving the overloaded truck and in leaving it unattended on the highway in the path of other vehicles without sufficient warning.

Summary judgment in favor of the Canadas was based on the theory that even if they were negligent in overloading the truck they were not liable for the plaintiff's injuries, since the accident was not caused by their negligence but by the intervening negligence of McCrae, in which the Canadas did not join, in abandoning the truck on the highway in the manner described.

Under these circumstances it is obvious that the plaintiff's appeal from the refusal of the court to grant her motion for summary judgment is premature, since this ruling did not constitute a final disposition of the case. It is equally clear that the appeal from the order granting the motion of the Canadas for summary judgment was premature, since it was a judgment in favor of only two of the three defendants jointly charged in a single suit. The general rule, supported by statute, is that an appeal will not lie to bring up a judgment that has not completely disposed of an action, 28 U.S.C.A. § 1291, and a judgment lacks finality where it is terminated as to one or more but less than all of the defendants where the alleged liability is joint. United States v. Girault, 11 How. 22, 13 L.Ed. 587; Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 3 S.Ct. 590, 37 L.Ed. 443; Oneida Nav. Corp. v. W. & S. Job & Co., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697; Bank of Rondout v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L.Ed. 441; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108; Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371; Republic of China v. American Express Co., 2 Cir., 190 F.2d 234; 6 Moore's Federal Practice § 5419.

This rule must be followed in this case notwithstanding the provisions of Rule 56(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which permits a summary judgment upon less than the whole case, and the provisions of Rule 54(b), which permits the entry of a final

judgment upon one or more but less than all of the claims presented in an action upon an express determination by the court that there is no just reason for delay and upon an express entry of the judgment. The limitation of appeals in 28 U.S.C.A. § 1291 to *final* decisions of the district courts is modified only to the extent expressly provided in the Rules of Civil Procedure. Rule 56 makes no reference to appealability and Rule 54(b) is restricted to appeals when more than one claim for relief is presented in an action and the express determinations hereinbefore mentioned are made by the judge. There was no express determination by the district judge that there was no just reason for delay in the pending case. It should also be noticed that Rule 54(b) applies by its express terms to multiple claims but does not mention multiple parties. The courts of appeals appear to be divided on whether Rule 54 (b) applies to multiple parties as well as to multiple claims, but we do not find it necessary to determine this question, since the express determination which is a necessary prerequisite to the appeal under the rule was not made.*

The appeal must therefore be dismissed. Upon the remand the whole case will be within the control of the court upon consideration of all the facts bearing upon the rights and liabilities of the parties. The situation is much like that in Hunteman v. New Orleans Public Service, 5 Cir., 119 F.2d 465, where a suit was brought for wrongful death alleged to have been caused by the negligence of several defendants and an appeal was taken from a judgment dismissing the suit as to one of the defendants on the ground that the complaint did not state an actionable claim against it. In dismissing the appeal for lack of finality in the judgment, the court said page 466):

"By entering the order, a case involving one cause of action was divided into two sections, the one dormant and the other active. This may be unfortunate. The trial of the whole cause may already have been delayed by this attempt to appeal; and, if the case goes to trial between the remaining litigants, the resulting judgment may be set aside on appeal if the motion to dismiss was erroneously granted to New Orleans Public Service, Inc. It might have been better to overrule the motion to dismiss and permit the whole case to progress to its proper disposition, but this was for the district court to determine. It may yet set aside the order of dismissal and reinstate the action as to the New Orleans Public Service, Inc. The entire case is still in the district court and subject to its control."

Appeal dismissed.

* Circuits which have limited the rule to multiple claim instances are: Goldlawr v. Heiman, 2 Cir., 273 F.2d 729 (overturning the earlier Second Circuit view, extending the application of the rule, set out in Colonial Airlines v. Janas, 2 Cir., 202 F.2d 914; Lopinsky v. Hertz Drive-Ur-Self, 2 Cir., 194 F.2d 422); Brandt v. Renfield Importers, Ltd., 8 Cir., 269 F.2d 14; Reagan v. Traders & General Insurance Co., 5 Cir., 255 F.2d 845; Hardy v. Bankers Life & Casualty Co., 7 Cir., 222 F.2d 827; Steiner v. 20th Century Fox Film Corp., 9 Cir., 220 F. 2d 105.

Circuits extending the rule to multiple parties are: Williams v. Protestant Episcopal Theological Seminary in Va., 91 U.S.App.D.C. 69, 198 F.2d 595, certiorari denied 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670; Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 195 F.2d 853.

See also the comment in 6 Moore's Federal Practice § 54.34, pp. 247–248.