CLAUD N. WILCHER, JR.

*v.*

RIVERTON COAL COMPANY, *a corporation, et al.*
*and* ARC INDUSTRIES, INCORPORATED, *a corporation, et al.*

(No. 13173)

Submitted January 23, 1973.        Decided March 6, 1973.

*Lively, Light & Bias, William T. Lively, Jr.,* for appellant.

*Jackson, Kelly, Holt & O'Farrell, Thomas E. Potter, Forrest H. Roles,* for appellees.

BERRY, PRESIDENT:

This is an appeal by Claud N. Wilcher, Jr., hereinafter referred to as plaintiff, from an order of the Circuit Court of Kanawha County on August 17, 1971 which granted summary judgment to the defendant, ARC Industries, on plaintiff's claim for damages based on the breach of an oral agreement by the defendant to enter into an exclusive coal sales agreement with the plaintiff. The plaintiff's

petition for an appeal was granted by this Court on December 13, 1971. The defendant filed a counter-assignment of error on January 3, 1973 alleging that the trial court's order was not an appealable order and that the alleged oral contracts were illegal. The case was submitted for decision on January 23, 1973 on briefs and oral arguments of the attorneys for the respective parties.

The following facts interpreted favorably for the plaintiff appear from the pleadings, affidavits, exhibits, depositions and answers to interrogatories:

The plaintiff had been employed in various positions in the coal industry for many years and, at the time of the events which led to this action, he was the president of his own company, which was basically a one-man company engaged in the coal brokerage business. During the early part of 1969, the plaintiff was informed that Davison Fuel and Dock Company was interested in selling all of the outstanding stock of its wholly owned subsidiary, Riverton Coal Company. Riverton's principal activity was the mining of coal in Kanawha and Fayette Counties. After several conversations with representatives of Davison, the plaintiff obtained a contract from Davison which gave the plaintiff the exclusive right to sell all of the stock of Riverton. This agreement was signed on April 17, 1969 and was to terminate May 15, 1969. The contract also stated that Davison was not obligated to pay any commission on the sale. Shortly thereafter, plaintiff was informed by Victor N. Green, a local coal operator, that Green knew of a prospective purchaser for the property. Plaintiff told Green that plaintiff wanted a 5% "finders fee" from the purchaser, (5% of the selling price of the stock), and an exclusive sales contract with the purchaser to sell the coal produced in the Riverton mines. The plaintiff and Green orally agreed to split the 5% "finders fee" if Green's prospect bought the stock. Green subsequently contacted James W. Miller, who was a local coal consultant, and advised Miller of the plaintiff's terms. Miller informed Green that he had a prospective buyer in Texas and that this buyer would purchase the

property if Miller recommended it. Thereafter, plaintiff had several conversations with Miller and discovered that the prospective buyer was John Price, who was president of ARC Industries, Incorporated. Miller informed the plaintiff that Price had accepted the plaintiff's terms if the sale were consummated and the plaintiff then began supplying Miller with various technical information concerning Riverton's properties, such as maps of the land and copies of the leases which Riverton had.

Price telephoned the plaintiff shortly thereafter to inform the plaintiff that he was definitely interested in the property. The plaintiff told Price that he was sending him a letter containing the terms of the exclusive sales agreement and asked that Price sign the letter and return it. Price agreed to do this but he never returned the letter. Price came to Charleston shortly after this telephone conversation and met with Miller and the plaintiff and a friend of plaintiff who was knowledgeable concerning the Riverton's properties. At this meeting, it was determined that plaintiff would receive 20 cents for each ton of coal mined on the Riverton properties under the exclusive sales contract.

Soon thereafter, Price's accountants and lawyers began meeting with the management of Davison and inspecting Davison's corporate books. The plaintiff was not present at any of these meetings and became concerned about his oral agreements with Price. The plaintiff, who had been unable to contact Price after these meetings began, finally met with Price in Charleston and was informed by Price that Price thought he could sell the coal himself and that he intended to breach any agreements that he had orally made with the plaintiff.

On June 30, 1969 ARC Industries purchased all of the stock of Riverton from Davison for $750,000. As a result, plaintiff filed an action in the Circuit Court of Kanawha County against Riverton Coal Company, ARC Industries, Incorporated, and James W. Miller, alleging that all three defendants had refused to pay him 5% of the sales price of

the stock of Riverton and refused to grant him an exclusive sales contract to sell the coal produced in the Riverton mines. Plaintiff demanded judgment of $37,500, which was 5% of $750,000, and $952,000 which was plaintiff's estimate of his lost profits under the exclusive sales contract.

After the defendants' answers were filed and depositions and interrogatories were taken on behalf of the respective parties, defendant Miller moved for a summary judgment because he alleged he was merely an agent or employee of the defendant, ARC Industries. The defendants, Riverton and ARC Industries, moved the court to either dismiss the action against Riverton or enter a summary judgment for Riverton and dismiss the action against ARC Industries or enter summary judgment for ARC Industries. Riverton contended that the complaint failed to state a claim against it upon which relief could be granted. ARC contended 1) that the plaintiff was not a licensed seller of stock under Code, 32-1-12, as amended, and hence plaintiff's contract was illegal; 2) that the oral exclusive sales contract could not be performed within a year and thus was within the Statute of Frauds; 3) and, that the exclusive sales contract was too vague and indefinite to be enforceable.

The Circuit Court of Kanawha County did not rule on Miller's motion for summary judgment. However, the Court dismissed the action against Riverton as a party defendant with prejudice under Rule 12(b)(6), which dismissal was agreed to by the parties, and granted ARC's motion for summary judgment on the ground that the oral contract was within the Statute of Frauds and hence was unenforceable, but the court held that ARC's other two contentions were not sufficient to warrant a summary judgment.

The threshhold question in the case at bar is whether the order appealed from is an appealable order. If the order awarding summary judgment to ARC Industries is not an appealable order this Court does not have

jurisdiction to consider and determine the case and the appeal should be dismissed as improvidently awarded. *Leeson v. Smith,* 132 W.Va. 715, 53 S.E.2d 412; *Delardas v. Morgantown Water Commission,* 148 W.Va. 318, 134 S.E.2d 889.

This action involves multiple claims against the defendants ARC Industries, Inc., a corporation, J. W. Miller, d/b/a James W. Miller and Associates and Riverton Coal Company. All of the proceedings had, at the time the summary judgment was rendered in favor of ARC Industries, were pre-trial proceedings. There had been no trial on the merits. The only matters considered by the court upon the motions for summary judgment by the defendants were depositions, affidavits and exhibits. The order only rendered judgment in favor of the defendant ARC Industries on the plaintiff's claim for damages based on an alleged breach of an agreement to enter into an exclusive coal sales agreement. The defendant's motion for a summary judgment was denied as to all other claims of the plaintiff. The trial court overruled the motions of ARC Industries and Miller for a summary judgment on the claim of 5% as a "finders fee". The order rendering summary judgment in favor of ARC Industries on one of the plaintiff's claims did not contain an "express determination that there is no just reason for delay" for the entry of such judgment, as required by Rule 54(b) in order that the judgment be a final judgment.

Where multiple claims are involved the trial court should not attempt to enter a final judgment until the claims have been fully adjudicated allowing the order or other form of decision to be subject to revision at any time before the entry of a judgment adjudicating all of the claims. Rule 54(b), R.C.P.; *Burleson v. Canada,* 285 F.2d 264. This procedure is governed by Rule 54(b), R.C.P., which reads as follows:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim,

the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The West Virginia Rules of Civil Procedure, Rule 54 (b), as far as multiple claims are concerned, and Rule 56 (d) are the same as 54 (b) and 56 (d) of the Federal Rules of Civil Procedure, and it has been held that where multiple claims are involved, a summary judgment under Rule 56 (d) on less than all the claims is not a final judgment and not appealable under Rule 54 (b) unless there is an "express determination that there is no just reason for delay". *Burleson v. Canada, supra.* However, where the trial court ordered execution on a summary judgment rendered in favor of a plaintiff on part of the claim, the judgment was treated as final and appealable in order to protect the defendant's right for a review although the court recognized that an order properly entered under Rule 56 (d) is not an appealable order. *Biggins v. Oltmer Iron Works,* 154 F.2d 214.

This matter is discussed in 6 MOORE, FEDERAL PRACTICE § 56.20, at page 2748, in the following language:

" * * * a summary 'judgment' that the plaintiff recover on a portion of his claim, or a summary 'judgment' for the defendant as to a portion of a claim is interlocutory; is subject to revision by the trial court; and, unless the order fall within a statutory category which allows an interlocutory appeal, the summary 'judgment' is non-appealable, subject to the following qualification. In the foregoing situations the trial court should not attempt to enter a final judgment. If, however, the trial court does,

nevertheless, enter an affirmative judgment for the plaintiff, with an award of execution, an appeal will lie because the court has exceeded its authority under the Rules and because the judgment being subject to execution a postponement of the right of appeal until the claim has been fully adjudicated would leave the judgment debtor's right of review of doubtful value.

"If in an action involving multiple claims or parties the court renders a summary judgment as to one or more but fewer than all of the claims or parties, and makes the 'express determination' and 'express direction' as provided in Rule 54(b), then the judgment is final; but in the absence of the 'express determination' and 'express direction' any adjudication of fewer than all the claims or the rights and liabilities of fewer than all the parties is interlocutory, and hence the order, unless it be one from which an interlocutory appeal will lie, is nonappealable."

This question is also discussed in 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, § 1241, page 190 and page 193, wherein it is stated:

" * * * Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary 'judgment' is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters, wherein there is no genuine issue of fact."

\*          \*          \*

"Thus it appears that an order entered under Rule 56(d) is not appealable merely because it is called a partial summary 'judgment'. The finality and appealability of a summary decision disposing of part of an action must be determined under Rule 54(b)."

The summary judgment in the instant case was rendered in favor of the defendant and therefore there was no order for an execution. Although a summary judgment was awarded to the defendant, ARC Industries, there was no express determination that there was no just reason for delay in entering the summary judgment. Thus, upon the trial on the merits in this case, if the evidence indicates that the ordering of the partial summary judgment in favor of ARC Industries was not warranted, a revision of said order could be made at any time before the entry of the judgment adjudicating all of the claims.

The law in West Virginia pertaining to this matter before the Rules of Civil Procedure were adopted in 1960 was that a judgment that did not adjudicate all of the plaintiff's claims was not a final judgment and was not appealable. *Riley v. Jarvis,* 43 W.Va. 43, 26 S.E. 366.

The following statement in the *Riley* case, at page 53, clearly indicates the law as it relates to appealable orders, wherein the Court stated: " * * * In a law case, a judgment, to be final, so as to warrant a writ of error, must end the issue presented by the whole case."

This Court has long adhered to the principle that it will not decide cases piecemeal. See 11 M.J., *Judgments and Decrees,* § 7, page 33; 1B M.J., *Appeal and Error,* § 70, page 171; *Staud v. Sill,* 114 W.Va. 208, 171 S.E. 428. If and when this case is tried on its merits all of the matters involved can be finally disposed of by a final order adjudicating all of the claims and the final judgment may be appealed, if so desired, to this Court by the party not prevailing in the trial court.

For the reasons stated herein, the motion to dismiss is granted and the appeal heretofore awarded in this case is dismissed as improvidently awarded.

*Motion to dismiss granted;
appeal dismissed as
improvidently awarded.*