359 S.E.2d 622

**Lilly ST. CLAIR**

v.

**Russell CHAMBERS.**

No. 16531.

Supreme Court of Appeals of West Virginia.

Decided July 22, 1987.

---

David Mohler, Charleston, for appellant.

Charles T. Bailey, Bailey & Wagner, Logan, for appellee.

PER CURIAM:

This action was brought by Lilly St. Clair, pursuant to W.Va. Code, 55–13–1, *et seq.*, the Uniform Declaratory Judgments Act, to obtain a declaration of her rights to property claimed by the estate of George Doran Hinchman. The defendant is Russell Chambers, a cousin of the deceased and the duly appointed administrator of the estate. By order of March 8, 1984, the Circuit Court of Logan County granted partial summary judgment in favor of Mr. Chambers, holding that a bank account and a certificate of deposit held jointly by the deceased and Ms. St. Clair were estate as-sets. We conclude that the court's order was interlocutory in nature and nonappealable and, accordingly, dismiss the appeal as improvidently awarded.

Ms. St. Clair was hired by Mr. Hinchman in July, 1979, as a cook and housekeeper. He was advanced in years and in poor health. In November, 1979, he had a stroke and his physical condition worsened. Thereafter, Ms. St. Clair began to assist him in his financial affairs and was added to a checking account held by Mr. Hinchman at a local bank. The record does not disclose the process by which Ms. St. Clair's name was added or the balance of the account at that time. In January, 1980, Mr. Hinchman executed a limited power of attorney, authorizing Ms. St. Clair to manage his house and staff, and to draw checks upon the joint account in payment of expenses for household upkeep, utilities, and medical services.

In 1981, a certificate of deposit in the sum of $50,000 was purchased at the bank jointly in the names of Ms. St. Clair and Mr. Hinchman. By affidavit, Ms. St. Clair states that she was instructed by Mr. Hinchman to transfer the sum of $50,000 from the joint checking account to a certificate of deposit. He explained to her that the money was to be used to insure the payment of his funeral costs, attorney fees, and other estate expenses, and the balance was to be kept by her as a gift. Other affidavits in the record state that Mr. Hinchman had remarked on numerous occasions that Ms. St. Clair had been "taken care of," and that he wanted her to inherit his property upon his death.

Mr. Hinchman died on May 4, 1982, and after his death, Ms. St. Clair requested that the money from the joint account and the certificate of deposit be paid directly to her. She then brought a declaratory judgment action to determine (1) her rights and responsibilities under the power of attorney, (2) the existence of a holographic will which the deceased was alleged to have executed, and to admit the will to probate, and (3) her rights to certain probate and nonprobate assets. The defendant answered and counterclaimed to recover the sums from the checking account and certificate, as well as all other estate assets held by her.

A hearing was held in May, 1982, at which the trial court ruled that the power of attorney had extinguished upon the death of Mr. Hinchman. After limited discovery, the parties filed cross-motions for summary judgment. Following a second hearing, the court granted partial summary judgment in favor of Mr. Chambers with regard to the bank account and certificate of deposit. In its opinion, the court cited *Kanawha Valley Bank v. Friend*, 162 W.Va. 925, 253 S.E.2d 528 (1979), and concluded that Ms. St. Clair held a fiduciary relationship to Mr. Hinchman, that a presumption of fraud arose by virtue of that relationship, and that Ms. St. Clair had failed to rebut the presumption. The order granting partial summary judgment did not contain the mandatory findings required under Rule 54(b) of the West Virginia Rules of Civil Procedure, which are necessary to lend it finality for purposes of appeal.*

Rule 54(b) expresses the traditional principle that this Court "will not decide cases piecemeal." *Wilcher v. Riverton Coal Co.*, 156 W.Va. 501, 508, 194 S.E.2d 660, 664 (1973); *see also Staud v. Sill*, 114 W.Va. 208, 171 S.E. 428 (1933) (citing cases). We held in the single Syllabus of *Wilcher:*

> "Where multiple claims are involved the trial court should not attempt to enter a final judgment until all the claims have been fully adjudicated, and a summary judgment for a defendant under Rule 56(d), R.C.P. on less than all of the plaintiff's claims is not a final judgment and not appealable under Rule 54(b), R.C.P. unless there is an 'express determination that there is no just reason for delay and upon an express direction for the entry of judgment'."

*See also Wheeling Dollar Savings & Trust Co. v. Singer*, 162 W.Va. 502, 250 S.E.2d 369 (1978).

---

* Rule 54(b), W.Va.R.C.P., provides:

> *"Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of

Under the federal rule, a summary judgment which reaches less than all of the parties or claims is not truly a judgment, but only a "pretrial adjudication that certain issues shall be deemed established for the trial of the case." 3 Barron & Holtzoff, Federal Practice and Procedure § 1241 at 190 (1951). Our rule as elaborated upon in *Wilcher* is to the same effect.

Applying the *Wilcher* rule here requires a dismissal of the appeal. We observe that the peril of allowing a premature appeal is particularly manifest in this case. Further development of the issues regarding Mr. Hinchman's purported holographic will may cast a new light upon the issues resolved by the partial summary judgment.

For the foregoing reasons, the appeal heretofore awarded is dismissed as improvidently granted.

Appeal dismissed.

such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added).