# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 10-2642

———————

Eartha L. McMiller,

        Appellant,

v.

Metro,

        Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [UNPUBLISHED]
\*
\*

———————

Submitted: December 15, 2011
Filed: January 3, 2012

———————

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Eartha Lee McMiller, pro se, sued the Bi-State Development Agency of the Missouri-Illinois Metropolitan District (doing business as Metro). The district court dismissed her age-discrimination claims as well as her Title VII claims for retaliation and against her supervisor personally. The district court refused to dismiss her Title VII sexual harassment claims against Metro. Moreover, the court stated that, "plaintiff complains that Metro terminated her because she rejected [supervisor] Brown's sexual advances."

Metro moved for summary judgment, addressing only hostile-work-environment issues in its briefing. The district court granted the motion, discussing only hostile-work-environment issues in its order. The court proceeded, however, to enter a final judgment against McMiller.

Although the district court recognized a quid-pro-quo claim in its order of partial dismissal, the court has not addressed it since. The final judgment does not dispose of all the claims and issues. *See St. Mary's Health Center of Jefferson City v. Bowen*, 821 F.2d 493, 496-98 (8th Cir. 1987) (holding that despite district court's intent to enter a final judgment, an order is not final unless it disposes of all the issues in the case). *Cf. Brandt v. Renfield Importers, Ltd.*, 269 F.2d 14, 18 (8th Cir. 1959) ("'The fact that the motions judge, in the order sought to be reviewed, characterized the same as a final judgment upon a separate claim can not make the order such a judgment or the claim such a claim, if the claim fails to meet the standard of separateness or distinctness required by the law and the judgment fails to meet the standards of finality so required.'" (citation omitted)); *id.* at 16 (citing *Arnold v. United States ex rel. W.B. Guimarin & Co.*, 263 U.S. 427, 434 (1923) ("It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction.")).

The appeal is dismissed for lack of jurisdiction.

_____